STATE, EX REL. MICHAEL GARDNER, V. CHARLES E. SHRADER,
SHERIFF.

FILED APRIL 19, 1905. No. 14,056.

1. **Petition in Error: Motion to Dismiss: Waiver.** A motion to dismiss a petition in error because of failure to file a motion for a new trial in the lower court is a waiver of objections to the sufficiency of the summons in error.

2. ————: **Motion for New Trial.** Failure to file a motion for a new trial is not fatal to the jurisdiction of an appellate court and will not support a motion to dismiss a petition in error.

3. **Habeas Corpus.** There is no provision of law for the filing of a motion for a new trial in a *habeas corpus* proceeding in a county court.

4. ————: **Complaint.** A prisoner will not be set at liberty by a writ of *habeas corpus* because the complaint on account of which he is held in custody states an alleged offense so defectively that it is or may be subject to successful attack by demurrer or motion to quash, if it contains enough substantially to accuse him of an act justifying his arrest and detention.

5. **Remand.** A prisoner set at liberty by *habeas corpus* may, upon reversal of the order by an appellate court, be remanded to the custody from which he was freed.

ERROR to the district court for Otoe county: PAUL
JESSEN, JUDGE. *Affirmed.*

*John C. Watson, E. F. Warren* and *William Hayward,*
for plaintiff in error.

*Norris Brown, Attorney General, William T. Thompson, W. B. Rose* and *A. A. Bischoff, contra.*

AMES, C.

The plaintiff in error was arrested upon a criminal warrant issued by the county judge of Otoe county. The complaint charged that he had sold and conveyed certain lands lying in that county, without having title thereto "either by law or equity, by descent, devise or by written

contract or deed of conveyance, with intent to defraud"
the owner thereof.   The statute provides a punishment
for selling or conveying any tract of land "without having
a title to the same by descent, devise *or evidence,* by a
written contract or deed of conveyance, with intent to
defraud."   It will be observed that there is a variance
between the complaint and the statute, consisting of the
omission from the former of the words, "or evidence."
Because of this variance the accused contended, and con-
tends, that the complaint is void, and procured his dis-
charge from the custody of the sheriff, by whom he had
been arrested upon the warrant, by means of a writ of
*habeas corpus* sued out of the county court.   From the
order of discharge the sheriff prosecuted a petition in
error to the district court, which rendered a judgment of
reversal, and made an order remanding the accused to
the custody of the officer.   From the judgment and order,
proceedings in error are prosecuted in this court.   The
record recites that the accused appeared specially in the
district court and moved that the summons in error be
quashed for informality, and, after that motion was over-
ruled, moved that the petition in error be dismissed be-
cause of failure to file a motion for a new trial in the
county court.   The latter motion was also overruled.   It
is clear that the second motion was a waiver of the first,
and it seems to us equally clear that the ruling on the
second was correct.   Even if it be conceded that a motion
for a new trial in the county court was requisite, omission
to file one would not deprive the district court of jurisdic-
tion of the petition in error, but, at most, would limit the
scope of the inquiry upon that petition.   In such a case
omission of the motion might work an affirmance of the
judgment of the county court, but it would not require a
dismissal of the proceeding in error.   But counsel for
plaintiff in error have called our attention to no statute,
and we know of none, authorizing the county court to
grant or entertain a motion for a new trial in such cases.
Without such a motion the error proceeding would present

nothing not otherwise disclosed upon the face of the record. Apparently no evidence was offered in either court, and although the district court expressly granted leave and time for the preparation and settlement of a bill of exceptions, none was ever made.

There are several formal assignment of error in this court which amount to no more than a single complaint that "the judgment of the district court is contrary to law," and are so vague as doubtfully to be entitled to consideration here. But the contentions chiefly urged in the brief of counsel are two, first, that the complaint upon which the arrest was made fails to charge an offense under the statute; and second, that the accused having been set at liberty by the county court, he is protected by the constitution and the statute from subsequent arrest or imprisonment under the judgment and order of the district court. If the second contention is upheld the statutory right of review would never be available except to the accused, an intention which is not expressed by its language; and it seems to be well settled both upon principle and by authority that the plaintiff in error was not put in jeopardy by the *habeas corpus* proceeding in the county court in a sense that entitles him to the protection of the guaranties invoked. The nature of the proceeding cannot, perhaps, be better described than in the language of Mr. Chief Justice Waite in *Ex parte Tong,* 108 U. S. 556, as follows:

"The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is

a criminal prosecution, but the writ of *habeas corpus* which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. If he fails to establish his right to his liberty, he may be detained for trial for the offense; but if he succeeds he must be discharged from custody. The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime. This petitioner claims that the constitution and a treaty of the United States give him the right to his liberty, notwithstanding the charge that has been made against him, and he has obtained judicial process to enforce that right. Such a proceeding on his part is, in our opinion, a civil proceeding, notwithstanding his object is, by means of it, to get released from custody under a criminal prosecution." *State v. Huegin,* 110 Wis. 189, 85 N. W. 1046.

As to the first contention it seems to be well settled that a prisoner will not be set at liberty by a writ of *habeas corpus* because the complaint, on account of which he is held in custody, states an alleged offense so defectively that it is or may be subject to successful attack by demurrer or motion to quash, if it contains enough substantially to accuse him of an act justifying his arrest and detention. To hold otherwise would be not only to adapt the writ to the ordinary uses of a proceeding in error, but to warrant, by its means, intolerable interference with the ordinary and regular progress of criminal prosecutions. *Ex parte Kowalsky,* 73 Cal. 120; *Ex parte Prince,* 27 Fla. 196, 26 Am. St. Rep. 67; *Ex parte Whitaker,* 43 Ala. 323; *Parker v. State,* 5 Tex. App. 579; *Emanuel v. State,* 36 Miss. 627; *Ex parte Watkins,* 3 Pet. (U. S.) \*193; *Ex parte Parks,* 93 U. S. 18; *Matter of Eaton,* 27 Mich. 1; *Ex parte Kitchen,* 19 Nev. 178; *In re Marshall,* 6 Idaho, 516, 56 Pac. 470; *State v. Huegin,* 110 Wis. 189, 85 N. W. 1046.

We do not, however, intend to intimate an opinion as

to whether or not the complaint in this case is so far defective as to be subject to successful assault by demurrer or motion, but unquestionably it charges, substantially, that the accused sold and conveyed, with intent to defraud, land of which he had no real or apparent title at law or in equity.

We recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.