(88 South. 900)

**ANDERSON v. CITY OF BIRMINGHAM.**
(6 Div. 289.)

(Supreme Court of Alabama. April 21, 1921.)

1. **Municipal corporations ☞120 — Statutes ☞240, 241(1)—Statutes and ordinances imposing liabilities and providing for penalties and forfeitures strictly construed.**

Statutes and ordinances imposing liabilities and providing for penalties and forfeitures must be strictly construed in favor of persons sought to be subjected to their operation.

2. **Licenses ☞7(1)—Ordinance fixing license fee based on gross annual business held not void for uncertainty, though not expressly referable to previous year.**

An ordinance fixing a license fee for practicing law, based on gross annual business, was not void for uncertainty, though not expressly referable to the previous year; its administrative provisions showing that reference could have been only to a gross annual income already determined and ascertainable.

3. **Attorney and client ☞28—Under ordinance requiring license fee based on gross annual income, attorney must pay minimum fee, though not engaged in practice during previous year.**

Under an ordinance making it unlawful for any person to engage in any of certain businesses, including the practice of law, without first paying a license fee based on his gross annual income, every attorney must pay at least the minimum fee, though he did not practice during the previous year.

Appeal from Circuit Court, Jefferson County; H. P. Heflin, Judge.

David S. Anderson was convicted of practicing law without a license in violation of a city ordinance of the city of Birmingham and he appeals. Transferred from Court of Appeals under Acts 1911, p. 449, § 6. Affirmed.

Frank Dominick, of Birmingham, for appellant.

This being a taxing statute or ordinance, it must be strictly construed against the tax-

ing power, and in favor of the citizen. Black on Interpretation of Laws, § 145, et seq. The ordinance cannot be given a retroactive effect. 81 Ala. 110, 1 South. 30; 174 Ala. 305, 56 South. 808; 175 Ala. 162, 57 South. 726, Ann. Cas. 1914C, 1119; 200 Ala. 315, 76 South. 82.

Fred G. Moore and George Lewis Bailes, both of Birmingham, for appellee.

The defendant was liable if he practiced law without obtaining the license. Sections 1339–1344, Code 1907. There was nothing in the ordinance that offended any constitutional or charter provision. 23 Grat. (Va.) 464, 14 Am. Rep. 139; 25 Cyc. 608.

SOMERVILLE, J. The appellant was convicted of practicing law in the city of Birmingham during 1919 without having a license therefor, in violation of city ordinance No. 607–C. There was no dispute as to the material facts, and the validity of appellant's conviction depends upon the construction and validity of the ordinance referred to.

The ordinance was one to prescribe and fix licenses for businesses, occupations, and professions in Birmingham for 1919, and provided that—

"Every person, firm, company, or corporation engaged in any of the businesses, vocations, occupations, or professions herein enumerated shall pay for and take out such licenses and in such sums, as are herein provided, to wit:

"15—A. *Attorneys*. Each person, or, where a partnership, each member of firm, where gross annual business is less than $2,000 ...... $20.00." (Here follows a graduated schedule, according to annual business, rising to a license fee of $125.)

Section 15 of the ordinance makes it unlawful for any person, firm, or corporation to engage in any of the enumerated businesses or vocations without first procuring a license therefor.

[1, 2] Appellant's contention is that, in so far as the schedule for attorneys is concerned, the ordinance is void for uncertainty; this for the reason that the amount of the license is based upon the gross annual business for the current year of 1919, which could not be ascertained until the end of the year.

While we recognize fully the general principle that statutes and ordinances which impose liabilities and provide for penalties and forfeitures must be strictly construed in favor of persons sought to be subjected to their operation, we are yet of the opinion that this ordinance, consistently with its language and purpose, cannot be given the construction insisted upon by appellant. It is true that in prescribing as a basis for the graduated license fees required of attorneys the amounts of their "gross annual business," that phrase is not expressly referable to the previous year; but neither is it expressly referable to the current year. To construe it as referable to the current year would be to render it not only impossible of operation but a manifest absurdity upon its face—a contradiction of terms so gross as to stultify the municipal legislators who enacted it.

On the other hand, the entire structure of the ordinance, in its administrative provisions, shows with absolute certainty that the reference could have been only to a gross annual income already determined and ascertainable.

The meaning of the ordinance being free from doubt, and it appearing from the evidence that appellant had practiced as an attorney in Birmingham during the preceding year of 1918, thereby bringing himself within some of the classifications prescribed, it was his duty to make return upon his income, and to take out and pay for a license in accordance therewith. Failing to do so, he must be held as liable to this penal proceeding under section 15 of the ordinance.

The case of New England M. S. Co. v. Bd. of Rev., 81 Ala. 110, 1 South. 30, cited and relied upon by appellant, does not support his contention, and is not opposed to our conclusion herein. There, under an act approved in December, 1884, an assessment was made for 1886, based on gross receipts for 1885, upon the defendant corporation, who had done no business in the state since January, 1884. The decision was that the taxing statute was not retroactive upon a business not carried on after its passage, since its phraseology did not require such a construction. The question we have here decided was neither presented nor discussed in that case.

[3] Apart from the consideration stated above, that appellant had become subject to specific classification under schedule 15–A, we think it is clear that under section 15 of the ordinance every attorney was required to take out a license, and to pay therefor at least the minimum license fee of $20, even though he had not engaged in the practice during the previous year. He certainly could not escape that requirement merely because he had established no basis for his classification under the schedule by a previous term of practice.

The rulings of the trial court on the demurrer to the complaint and in the rendition of the judgment of conviction are in accordance with our views of the case, and the judgment must be affirmed.

Affirmed.

ANDERSON, C. J., and McCLELLAN and THOMAS, JJ., concur.