**PAYNE v. GRAHAM. (I Div. 598.)**

(Court of Appeals of Alabama. Jan. 13, 1925.)

**1. Habeas corpus ⚖️54—Petition for writ to determine custody of child held sufficient to invoke jurisdiction of probate court.**

Petition for writ which furnished the probate court and the other party all the information necessary properly to determine the custody and control of petitioner's son, *held* sufficient to invoke jurisdiction of probate court.

**2. Habeas corpus ⚖️53—Strict rules of pleading not applicable in habeas corpus proceedings.**

Strict rules of pleading are not applicable in habeas corpus proceedings.

**3. Habeas corpus ⚖️53—Office of petition or affidavit for writ of "habeas corpus" stated.**

The office of a petition or affidavit for writ of habeas corpus is to invoke the jurisdiction of the court to issue the writ or a rule nisi, commanding the custodian of the body or person, whose custody is in question, to appear and show cause why the custody or control is not wrongful or illegal.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Habeas Corpus.]

**4. Habeas corpus ⚖️74—Return to writ or response to rule is in answer to writ or to rule issued by court, and not to petition.**

Return to writ or response to rule is in answer to writ or to rule issued by court, and not to petition upon which the writ or rule was based.

**5. Habeas corpus ⚖️113(12)—Attaching to petition decree of foreign court, not authenticated as required by state and federal statutes, held harmless.**

Attaching to petition, as exhibit, decree of foreign court, not authenticated as required by state and federal statutes, *held* harmless where such decree was not offered in evidence, and the petition was sufficient without the exhibit.

**6. Habeas corpus ⚖️54—That petition fails to allege illegal restraint of petitioner or other person does not render petition demurrable.**

That petition fails to allege illegal restraint of petition or other person of his liberty does not render petition defective or demurrable.

**7. Judgment ⚖️91—Contention that decree, attached as exhibit to petition in aid thereof, was not final held not tenable, decree being by consent.**

That decree attached as exhibit to petition in aid thereof was a decree by consent, and hence not appealable, was sufficient answer to contention of respondent that decree was not final and might be modified.

**8. Habeas corpus ⚖️83—Formal denial of allegations of return or answer deemed waived when parties proceed to trial as if allegations formally traversed.**

Formal denial of allegations of return or answer will be deemed waived when parties proceed to trial as if allegations had been formally traversed.

**9. Habeas corpus ⚖️113(12)—Finding on conflicting evidence that award of custody of minor son to father served son's best interest, not disturbed.**

Finding on conflicting evidence that award of custody of minor son of divorced parents, to the father served son's best interest, will not be disturbed.

**10. Bastards ⚖️15—Parent and child ⚖️2(3) —Father's primary right to custody of legitimate child, and that of mother to custody of illegitimate child, limited by consideration of best interests of child.**

The custody of a legitimate child primarily belongs to father, and that of an illegitimate child, to the mother, but these rights are to be

regarded no further than is consistent with the best interests of the child.

**11. Parent and child ☞2(4)—Court will not interfere with paternal authority to rear child unless father forfeits his rights or abdicates such authority.**

Father has a right to control and direct the education of his children until they attain the age of 21, and the courts will not interfere with such paternal authority until the father has forfeited his rights or by his conduct has abdicated such authority.

**12. Parent and child ☞2(2)—Generally parents are entitled to custody of minor children.**

Generally parents are entitled to custody of their minor children.

**13. Parent and child ☞2(3) — When parents live apart, father prima facie entitled to custody of minor children.**

When parents live apart, the father is prima facie entitled to the custody of their minor children.

**14. Parent and child ☞2(3)—Limitations of father's paramount right to custody of child stated.**

Where the father is suitable and willing to support and care for the minor children, his right is paramount to all other persons, except that of the mother in cases where the infant is of such tender years as to require her presence and care.

**15. Parent and child ☞2(3)—Welfare of minor is controlling consideration in case of controverted right of custody.**

The welfare of the minor is the controlling consideration in cases where the right to his or her custody is controverted.

**16. Parent and child ☞3(1)—Father primarily bound to support and educate his children during their minority.**

Father is primarily bound by the laws of the land, of nature, and of morals, to support and educate his children during their minority.

**17. Parent and child ☞2(4)—Judgment awarding 15 year old son of divorced parents to father held final.**

Judgment awarding 15 year old son of divorced parents, to father *held* final, where the evidence showed very little difference in the abilities, considered from a financial standpoint, of the father and the mother to care and provide for the boy.

Appeal from Probate Court, Monroe County; M. Mc. Fountain, Judge.

Petition by Henry Graham for habeas corpus to Bessie Payne, for custody of a minor child. From a judgment granting the writ, respondent appeals. Affirmed.

The petition is as follows:

"Your petitioner, Henry Graham, respectfully shows to the court that he is the father of Hawood Graham, a minor boy 14 years of age; that said minor is now in the custody of Bessie Payne in Monroe county, Ala., and that such custody of the said Bessie Payne is in violation of the rights of your petitioner, and is not in the best interest of the said minor. That said Bessie Payne refuses to surrender the custody of said minor to your petitioner.

"Petitioner further shows to the court that he is the father of said minor, is able to provide a home for him and to maintain him in a manner suitable to his station in life, and provide suitable surroundings for him; that the said Bessie Payne is the mother of said minor, but that the custody of said minor has heretofore been brought into question in the circuit court of Wayne county, Miss., and the said court duly awarded the custody of said minor to petitioner. A certified copy of the decree of said court is attached to this petition, marked Exhibit A, and petitioner makes same a part of this petition.

"The premises considered, petitioner prays this court to take jurisdiction of this matter, and to issue all necessary orders and decrees requiring the said Bessie Payne to bring the said Hawood Graham before this court, there to abide the judgment of this court respecting the custody of said minor.

"That, upon a final hearing of the cause, the court will enter an order or decree awarding the custody of the said minor to this petitioner."

J. D. Ratcliffe, of Monroeville, for appellant.

In the absence of a certificate by the judge of the court that the certificate of the clerk of the court is in due form, the certified copy of the decree exhibited with the petition is not properly authenticated. U. S. Comp. Stat. 1916, § 1519, p. 2431 (R. S. § 905); Andrews v. Flack, 88 Ala. 294, 6 So. 907. The rights of the infant in a case of this kind will not be jeopardized by any judgment in a previous contest. Pearce v. Pearce, 136 Ala. 188, 33 So. 883; Murphree v. Hanson, 197 Ala. 246, 72 So. 437; Gamble v. Cotton, 17 Ala. App. 110, 82 So. 558. In the absence of a traverse, the facts stated in the answer must be taken as true. Cook v. Echols, 16 Ala. App. 606, 80 So. 680.

Barnett, Bugg, Lee & Jones, of Monroeville, for appellee.

The petition is not a pleading, and not subject to demurrer. 29 C. J. 142, 163, 147; Ex parte Champion, 52 Ala. 311. Formal denial of the answer was waived. Cook v. Echols, 16 Ala. App. 606, 80 So. 680; 29 C. J. 165; Montgomery v. Hughes, 4 Ala. App. 245, 58 So. 113; Stretton v. Shaheen, 176 F. 735, 100 C. C. A. 389. The findings of fact by the trial judge have the same weight as the verdict of a jury. A. G. S. v. Longshore, 209 Ala. 227, 96 So. 64; Halle v. Brooks, 209 Ala. 486, 96 So. 341; Foshee v. State, 210 Ala. 155, 97 So. 565; Hackett v. Cash, 196 Ala. 403, 72 So. 52.

FOSTER J. This is an appeal from a habeas corpus proceeding instituted in the probate court of Monroe county by appellee, Henry Graham, against Mrs. Bessie Payne, for the possession of Hawood Graham, a minor 15 years of age, and the son of both appellant and appellee. Appellant and appellee were once husband and wife and were living together in such relation prior to the year 1912 in Wayne county, Miss., at which time a separation took place. This separation, however, was temporary, and they went back together and lived as husband and wife again for nearly a year, at which time a final separation took place, the wife moving to the home of her father and carrying with her the three children, one of whom was Hawood. It seems that soon after this separation a proceeding was had in the courts of Mississippi for the custody of the children. It also appears that a consent judgment or decree was rendered in the Mississippi court which awarded the custody of Hawood to the father. Hawood, however, was allowed to visit his mother; but the final custody and control of the child was awarded to the father.

In the year 1915 the wife obtained a divorce from the husband in the courts of Mississippi upon the ground of cruelty, and in the year 1919 she was married to one Mr. Payne, her present husband. Some time during the year 1923 Hawood was allowed to visit his mother for the purpose of attending school. She was then residing in Wayne county, Miss.; but about the 1st of January, 1924, Mrs. Payne removed to Alabama, and brought the boy with her, and refused or declined to allow him to return to his father. The father then instituted this habeas corpus proceeding to obtain the custody and control of the boy. A trial was had in the probate court, and the custody and control of the child was awarded to the father; and from that judgment the mother prosecutes this appeal.

[1-4] The petition for the writ of habeas corpus was sufficient to invoke the jurisdiction of the probate court. Strict rules of pleading are not applied in habeas corpus proceedings. The office of the petition or affidavit for the writ of habeas corpus is to invoke the jurisdiction of the court to issue the writ or a rule nisi commanding the custodian of the body or person, whose custody is in question, to appear and show cause why the custody or control is not wrongful or illegal. 29 C. J. 142. The return to the writ or response to the rule is in answer to the writ or to the rule, which is issued by the court, and not to the petition upon which the writ or rule was based. 29 C. J. 163.

[5] The function of the petition for writ of habeas corpus is to secure the issuance of the writ, and, when the writ has issued, the petition has accomplished its purpose. The petition in this case contained all the necessary jurisdictional facts. It furnished the court and the other party all the information necessary to properly determine the custody and control of the son. Consequently, there was no error in overruling the demurrer to the petition. 29 C. J. 152. While it is true that the judgment or decree of the Mississippi court was not authenticated with the strictness required by the federal or state statutes, yet it was never offered in evidence, and as the petition was sufficient without the exhibit, no possible injury could have resulted in making it an exhibit.

[6, 7] It is insisted by appellant that the decree of the Mississippi court was not a final one, and that it might have been reversed on appeal or subsequently modified. While it is not necessary to answer this argument, it is sufficient to show that the decree or order of the Mississippi court was by consent of all parties, and, of course, such a decree would not support an appeal. A consent decree or judgment will not support an appeal. But, as we have said above, this decree was never offered in evidence, and the petition was ample without the decree as an exhibit. The petition for habeas corpus is not defective or demurrable because it fails to allege that the petitioner or other person was illegally restrained of his liberty. Ex parte Champion, 52 Ala. 311.

[8] There is no merit in the contention of appellant that the motion to dismiss the petition and writ should have been granted. The writ is a command to the respondent to bring the body of Hawood Graham before the court, at the time and place named, and then and there show cause why the custody of the minor should not be awarded to the petitioner. The respondent appeared and demurred to the petition; and the demurrer was properly overruled. She then answered, and the trial was had upon that answer. A formal traverse of the answer is not necessary where the record shows that a trial was had upon the issue raised by the answer; and it was certainly too late, after the evidence was concluded, for the respondent to then demand a formal traverse or denial of the answer. As said by this court in the case of Cook v. Echols, 16 Ala. App. 606, 80 So. 680, where the respondent, without raising the question as to a formal traverse or denial of the answer, allows the court to proceed with the trial on the merits, as though the facts stated in the return had been properly traversed and issue joined thereon, this will operate as a waiver of any formal traverse and it will be considered on appeal on the merits as presented by the proof. A formal denial of the allegations of the return or the answer will be deemed to be waived when the parties proceed to trial as if such allegations had been formally traversed. Stewart v. Smith, 16 Ala. App. 461, 78 So. 724; 29 C. J. 165, 166.

[9, 10] This record shows that a trial was had upon the answer of respondent. The witnesses appeared before the court and were examined. The court saw the witnesses, their manner and demeanor, and consequently of necessity had before him certain proof and facts which this court cannot have on this appeal; and, while the evidence is in conflict as to which would be the better custodian of the child, we are not willing to disturb the findings of the trial court in this state of the evidence. The trial court, in its opinion, stated that "the best interests of the minor, Hawood Graham, will be served by awarding his custody to petitioner, Henry Graham, father of the said minor." The record shows very little difference in the abilities, considered from a financial standpoint, of the father and the mother to care and provide for the infant son, who is 15 years of age. The trial court seems to have been mindful of the law which should govern courts in awarding the custody of children between contending parents for such custody. The custody of a legitimate child primarily belongs to the father, and that of an illegitimate to the mother; but these rights are to be regarded no further than is consistent with the interests of the child.

[11-16] The father has a legal right to control and direct the education and rearing of his children until they attain the age of 21 years, and courts will not interfere with this paternal authority until the father has forfeited his rights, or until, by his conduct, he has abdicated his paternal authority. 12 Eng. Rul. Cas. 30; Brooke v. Logan, 112 Ind. 183, 13 N. E. 669, 2 Am. St. Rep. 177. As a general rule parents are entitled to the custody of their minor children, and when they are living apart the father is prima facie entitled to the custody, and, where he is suitable and willing to support and care for them, his right is paramount to all other persons, except that of the mother in cases where the infant is of such tender years as to require her presence and care; but in all cases of controverted right to custody, the welfare of the minor is the first question of importance to be considered. Clark v. Bayer, 32 Ohio St. 299, 30 Am. Rep. 593. Moreover, a father is primarily bound by the laws of the land, of nature, and of morals to support and educate his children during minority. Cooley v. Stringfellow, 164 Ala. 467, 51 So. 321, and authorities there cited.

The judgment and decree of the court in this case is in accord with the general principles of law stated above as to the proper custodian of children. The father is by law and nature the head of the family, obliged by law and morals to support them, in preference to the claims of the mother or any other person. His rights, however, may be forfeited by misconduct or lost by misfortune.

[17] In the condition of this record, we do not feel willing to disturb the judgment of the trial court in awarding the custody of this son, 15 years of age, to the father. Ex parte Boaz, 31 Ala. 427; Neville v. Reed, 134 Ala. 317, 32 So. 659, 92 Am. St. Rep. 35.

Finding no reversible error in the record, the decree of the lower court must be affirmed.

Affirmed.