GOETZ *v.* BLACK.

1. Habeas Corpus—Filing Petition Necessary to Begin "Suit"—Statutory Penalty.

   It is necessary to file petition for writ of *habeas corpus*, and thus have suit properly begun, as condition precedent to any further proceedings in or on account of suit, such as action to recover statutory penalty for wrongful refusal of writ (3 Comp. Laws 1929, §§ 15208, 15216).

2. Same—Fundamental Right to Liberty.

   The right to writ of *habeas corpus* is fundamental to personal liberty (Const., art. 2, § 11).

3. Same—Petition Must be in Proper Form.

   While judge may, of his own volition, issue writ of *habeas corpus* without petition, nevertheless when petition is filed it must be in proper legal form (3 Comp. Laws 1929, §§ 15210, 15215).

4. Same—Filing Petition Begins Suit—Abandonment.

   Writ of *habeas corpus* proceeding is suit, and only method of bringing such suit is by filing petition for *habeas corpus* with court without any substantial delay after its grant or refusal, and unless petitioner properly begins suit he abandons proceeding.

5. COURTS—ACT JUDICIALLY—PLEADINGS.

Circuit court is court of record, acting through judge or judges only in suits that are properly begun by filing of appropriate pleadings; court only acting judicially.

6. SAME—JUDICIAL POWER DEFINED.

Judicial power is power of court to decide and pronounce its judgment and to carry it into effect between persons and parties who bring case before it for decision.

7. HABEAS CORPUS—ARBITRARY REFUSAL OF WRIT—LIABILITY FOR STATUTORY PENALTY DEPENDS ON RECORD.

If circuit judge arbitrarily refused to examine petition for writ of *habeas corpus,* he is not subject to statutory penalty (3 Comp. Laws 1929, § 15216), unless it appears by record made at time of ''suit'' that the very paper submitted to him in form and substance commanded issuance of writ (3 Comp. Laws 1929, § 13941).

8. STATUTES—AWARDING PENALTY STRICTLY CONSTRUED.

Statute awarding penalty is to be strictly construed, and before recovery may be had, case must be brought clearly within its terms.

9. HABEAS CORPUS—FILING PETITION—ABANDONMENT—STATUTORY PENALTY.

Petitioner for writ of *habeas corpus* who neglected or refused to file petition, on refusal of circuit judge to issue writ, abandoned proceedings, no ''suit'' was ever begun, and therefore he may not maintain action against judge for statutory penalty (3 Comp. Laws 1929, § 15216).

Appeal from Genesee; Parker (James S.), J. Submitted October 16, 1931. (Docket No. 127, Calendar Nos. 35,722–35,739.) Decided January 4, 1932.

Separate actions by Alfred Goetz and 17 others against Edward D. Black, Genesee circuit judge, to recover statutory penalty for refusal to issue writ of *habeas corpus.* Judgment for defendant on motion to dismiss. Cases consolidated on appeal of plaintiffs. Affirmed.

*Patrick H. O'Brien, Walter M. Nelson,* and *Maurice Sugar,* for plaintiffs.

*Brownell & Gault, Charles A. Withey,* and *George W. Cook,* for defendant.

Butzel, J. Alfred Goetz and 17 other plaintiffs have each brought an independent suit against Edward D. Black, defendant, to recover a statutory penalty. For the purpose of appeal only, the 18 cases have been consolidated and considered as one. Each plaintiff claims that after being arrested and illegally detained for several days in the Genesee county jail, he caused, on the 10th day of July, 1930, a petition for *habeas corpus* in legal and proper form to be presented to defendant, one of the circuit judges of Genesee county, and that defendant refused to grant the petition and order the issuance of the writ. The petitions are not before us. They are neither attached to nor set forth in the declarations, nor have they at any time been filed in any court. No suits were ever begun by or on account of the petitions, except the instant ones to collect the penalty. Defendant moved to dismiss on the ground that the petitions were not filed in the office of the clerk of the court, that the application was not made in due form in accordance with the court rules and practice of the court, and that the acts of defendant were judicial and not ministerial. The circuit court entered an order of dismissal.

We shall only discuss the first reason for the dismissal, as it is decisive. It was not necessary for plaintiff to file the petition for the writ of *habeas corpus* with the court prior to its presentation to the circuit judge, but whether granted or denied it became necessary to file it, and thus have a suit properly begun, as a condition precedent to any further proceedings in or on account of the suit.

The right to a writ of *habeas corpus* is fundamental to personal liberty. Its sources in the common law go back to the earliest struggles for freedom, and precede the provision of the Magna Charta that no "freeman shall be taken or imprisoned * * * unless by the lawful judgment of his peers, or by the law of the land" (1 Comp. Laws 1929, p. 5). This pronouncement, however, was insufficient, for certain abuses arose as set forth in case CCCV, reported in 1 Anderson, 297 (123 Eng. Rep. 482 [1591]). It was found that frequently persons lawfully discharged on *habeas corpus* were recommitted to some secret place; officers were imprisoned and terrified to such a degree that they would no longer serve the writ; and there existed a general disregard of the right of *habeas corpus* by the Crown. These abuses are recited in the preamble to the statute of 31 Car. II, c. 2 (5 Statutes at Large, p. 458). This act provided that a return must be made to a writ within three days of its service, prescribed heavy penalties for failure to obey the writ, and prohibited the recommitment of persons discharged on *habeas corpus* except by proper court order. It also extended the authority to grant *habeas corpus* to issuance of the writ during vacation time, and provided for a penalty of 500 pounds to be paid by any authorized court or officer who failed to grant the writ required by the act to be assessed. The privilege of *habeas corpus* was further developed from time to time and established the basic right of freedom from unlawful detention. The earliest colonists brought it to this country as a part of the common law, and it became and ever since remained the law of the land. It was incorporated in the Constitution of the United States (article 1, § 9, subd. 2). It became part of the bill of rights in article 2 of the Ordinance for the Government of the Northwest Territory

(1 Comp. Laws 1929, p. 97), which subsequently became the law of Michigan Territory, and has existed in every Constitution of the State of Michigan. Article 2, § 11, Constitution 1908, provides that:

"The privilege of the writ of *habeas corpus* shall not be suspended unless in case of rebellion or invasion the public safety may require it."

Also, in article 7, § 10, the circuit courts are expressly empowered to grant writs of *habeas corpus.* The constitutional provision relative to *habeas corpus* has been termed "a mandate to the judiciary to see that no man be deprived of his liberty without a hearing." See *Parsons* v. *Russell,* 11 Mich. 113, 129, 135 (83 Am. Dec. 728), in which case, as well as in *Re Jackson,* 15 Mich. 417, the history of the writ is more fully set forth.

In order to insure the issuance of the writ when legally applied for, the legislature has provided that any judge who shall wilfully or corruptly refuse or neglect to consider such application or petition shall be deemed guilty of malfeasance in office (3 Comp. Laws 1929, § 15208); that such writ be granted without delay, unless it shall appear from the petition itself, or from the documents annexed, that the party applying therefor is, by the provisions of the law, prohibited from prosecuting such writ (3 Comp. Laws 1929, § 15211); further, that if any court or officer authorized by the law to authorize such writs shall refuse to grant such writ when legally applied for, every member of such court who shall have assented to such refusal, and every such officer, shall severally be liable to the party aggrieved in $1,000 damages (3 Comp. Laws 1929, § 15216). While a judge may, of his own volition, upon being informed that some one is illegally detained, issue the writ without a petition (3 Comp. Laws 1929, § 15215),

nevertheless when a petition is filed it must be in proper legal form. Section 15210, 3 Comp. Laws 1929, provides in seven subsections what the writ must contain. It must positively state that certain facts and conditions exist; it must negative the existence of others; it must be properly sworn to. If a verified petition sets forth in substance the necessary allegations, as provided by the statute, it becomes the absolute duty of the judge to issue the writ, and in the event of his refusal the petitioner has a number of remedies. He may apply to another judge, if there is more than one for the circuit; he can secure relief by applying to this court by appeal, in the nature of certiorari, or by asking for an original writ which would be issued forthwith, or he may seek the redress prescribed by the statutes as hereinbefore referred to. However, in order to seek any of the remedies, except the presentation of the petition to another judge of the same circuit court or the commencement of an original suit in this court, it is necessary that a suit be previously begun. There is only one method of bringing such suit, and that is by filing the petition with the court without any substantial delay after its grant or refusal. Unless a petitioner properly begins the suit, he abandons the proceeding. A writ of *habeas corpus* proceeding is a suit.

While application for a *habeas corpus* may be addressed to the circuit court or judges (3 Comp. Laws 1929, § 15208), the power to issue the writ is vested in the circuit court by article 7, § 10, of the State Constitution. See, also, section 13941, 3 Comp. Laws 1929. The circuit court is a court of record, acting through a judge or judges only in suits that are properly begun by the filing of appropriate pleadings. The court can only act judicially. Judicial power is the power of the court to decide and

pronounce its judgment and to carry it into effect between persons and parties who bring a case before it for decision. *Muskrat* v. *United States,* 219 U. S. 346 (31 Sup. Ct. 250).

In *Holmes* v. *Jennison,* 14 Pet. (U. S.) 540, though the court was divided as to the main issue, the opinion written by Chief Justice Taney as to the writ of *habeas corpus* being a suit was unchallenged. He stated:

"If a party is unlawfully imprisoned, the writ of *habeas corpus* is his appropriate legal remedy. It is his suit in court, to recover his liberty. In order to be effectual for the purposes for which it is intended, the proceedings must be summary; and the law has accordingly made them so. * * * With this explanation, we proceed to inquire whether the *habeas corpus* was a 'suit.' "

Chief Justice Taney further quoted from the opinion of Chief Justice Marshall in *Weston* v. *City Council of Charleston,* 2 Pet. (U. S.) 449, as follows:

"Is a writ of prohibition a suit?

"The term is certainly a very comprehensive one, and is understood to apply to any proceeding in a court of justice, by which an individual pursues that remedy in a court of justice which the law affords him. The modes of proceeding may be various, but if a right is litigated between the parties in a court of justice, the proceeding by which the decision of the court is sought is a suit."

In *State, ex rel. Gardner,* v. *Shrader,* 73 Neb. 618 (103 N. W. 276, 119 Am. St. Rep. 913), the court said:

"The nature of the proceeding (*habeas corpus*) cannot, perhaps, be better described than in the

language of Mr. Chief Justice Waite in *Ex Parte Tom Tong,* 108 U. S. 556 (2 Sup. Ct. 871), as follows:

" 'The writ of *habeas corpus* is the remedy which the law gives for the enforcement of the civil right of personal liberty. Resort to it sometimes becomes necessary, because of what is done to enforce laws for the punishment of. crimes, but the judicial proceeding under it is not to inquire into the criminal act which is complained of, but into the right to liberty notwithstanding the act. Proceedings to enforce civil rights are civil proceedings, and proceedings for the punishment of crimes are criminal proceedings. In the present case the petitioner is held under criminal process. The prosecution against him is a criminal prosecution, but the writ of *habeas corpus* which he has obtained is not a proceeding in that prosecution. On the contrary, it is a new suit brought by him to enforce a civil right, which he claims, as against those who are holding him in custody, under the criminal process. * * * The proceeding is one instituted by himself for his liberty, not by the government to punish him for his crime.' "

We quote from the syllabus of *In re Thompson,* 85 N. J. Eq. 221 (96 Atl. 102), as follows:

"*Habeas corpus* is a high prerogative writ issuing out of a court, and whether allowed by, and made returnable before, a court composed of several members, or whether allowed by a single judge and made returnable before him, it is a proceeding in that court in which it, or the single judge, exercises jurisdiction. * * *

"When a prisoner petitions for a writ of *habeas corpus* out of chancery, he thereby commences a suit and prosecutes a cause in that court; and, being aggrieved by the decision, may appeal to the court of errors and appeals."

To like effect are *Click* v. *Click,* 98 W. Va. 419 (127 S. E. 194); *Payne* v. *Graham,* 20 Ala. App. 439 (102 South. 729); *State, ex rel. Reynolds,* v. *Flynn,* 180 Wis. 556 (193 N. W. 651); *State, ex rel. Hellige,* v. *Milwaukee Liedertafel,* 166 Wis. 277 (164 N. W. 1004); *State, ex rel. Beekley,* v. *McDonald,* 123 Minn. 84 (142 N. W. 1051).

The necessity of filing a petition before further proceedings may be taken is set forth in *State, ex*

*rel. Distin,* v. *Ensign,* 13 Neb. 250 (13 N. W. 216), where, in disallowing an appeal by a petitioner in *habeas corpus* proceedings, the court said:

"There is no copy of the petition for a writ of *habeas corpus* which was presented to the county judge. Whether this omission is intentional or not does not appear. Nor was any copy of the petition taken into the district court. There is therefore nothing before the court upon which it can act. The petition must set forth the facts constituting the illegal detention. It is not sufficient to state that the petitioner is illegally restrained of his liberty, as that is a conclusion, but it must be made to appear in what the illegal restraint consists. *Ex parte Nye,* 8 Kan. 99."

If plaintiff desired to press the refusal of the circuit judge to recovery of the statutory penalty, he should have filed the rejected petition so that there would have been an unquestionable and unimpeachable public record thereof, available to his own inspection as well as all others, and incapable of substitution by anyone.

If the circuit judge arbitrarily refused to examine the petition, he is not subject to the penalty unless and until it is made to appear by record of the "suit" that the very paper submitted to him for judgment thereon in form and substance commanded issuance of the writ, and this must be established by the record made at the time. Plaintiff claims to have possession of the petition he should have filed. The law will not tolerate an assessment of the invoked penalty against a judicial officer under the circumstances here disclosed, for to do so after the long delay would subject the judge to the machinations, chicanery, fraud, and enmity of anyone disposed to so act, and leave the judge without an impartial and incorruptible court record. A statute awarding a

penalty is to be strictly construed, and, before a recovery can be had, the case must be brought clearly within its terms. *Grier v. Railway Co.*, 286 Mo. 523 (228 S. W. 454); *Kitts v. Kitts*, 136 Tenn. 314 (189 S. W. 375); *United Assurance Ass'n v. Frederick*, 130 Ark. 12 (195 S. W. 691); *Anderson v. City of Birmingham*, 205 Ala. 604 (88 South. 900).

Plaintiff on his own showing abandoned the proceedings when he neglected or refused to file the petition for the writ. No suit was ever begun. The court was correct in entering an order of dismissal, and the judgments are affirmed, with costs to defendant.

CLARK, C. J., and McDONALD, POTTER, SHARPE, NORTH, FEAD, and WIEST, JJ., concurred.