[S. F. No. 15093.   In Bank.—November 29, 1935.]

FILOLI, INCORPORATED (a Corporation), Appellant, v. CHARLES G. JOHNSON, State Treasurer, etc., Respondent.

Theodore J. Savage and Eliot G. Stoutenburgh for Appellant.

U. S. Webb, Attorney-General, and H. H. Linney, Deputy Attorney-General, for Respondent.

SHENK, J.—The plaintiff appeals from a judgment for the defendant in an action to recover a portion of the franchise tax assessed against the plaintiff for the year 1931 and paid under protest.

The plaintiff was incorporated under the laws of California and commenced to do business on July 1, 1930. At the time of its incorporation it paid the minimum tax of $25 required by the Bank and. Corporation Franchise Tax Act (Stats. 1929, p. 19, as amended), for the privilege of exercising its franchise in the year 1930. The plaintiff's fiscal year is the calendar year. In compliance with section 13 of the act the plaintiff filed its return at the close of the year 1930 showing its net income for the period July 1–December 31, 1930. The return disclosed a franchise tax due for the taxable year 1930, computed at four per cent of net income for the stated period less allowable offsets, of $1527.27. The plaintiff paid this amount less the $25 minimum theretofore prepaid. At the same time the plaintiff made an identical·return showing its net income for the same period and the net tax due of $1527.27, as a basis for computing and imposing its franchise tax for the year 1931, which sum it also paid. In August, 1931, the franchise tax commissioner assessed against the plaintiff an additional tax of $8,017.66 for the year 1931. It is this additional

tax, together with added penalties and interest, which is sought to be recovered. The plaintiff has abandoned its protest and asserted cause of action as to $696.60 of said amount, which was the proportion of the tax measured by the percentage of income from tax exempt bonds. The decision in the case of *Pacific Co., Ltd.*, v. *Johnson*, 285 U. S. 480 [52 Sup. Ct. 424, 76 L. Ed. 893], filed since this action was commenced, holds adversely to the plaintiff's grounds of protest as to that amount. It sought recovery for the balance of the additional tax on the theory that there was no lawful basis for imposing such tax.

The power of the legislature to impose the franchise tax here involved was derived from section 16 of article XIII of the Constitution adopted on November 6, 1928. Subdivision 2 of that section provided: "(a) All financial, mercantile, manufacturing and business corporations doing business within the limits of this State, subject to be taxed pursuant to subdivision (d) of section 14 of this article, in lieu of the tax thereby provided for, shall annually pay to the State for the privilege of exercising their corporate franchises within this State a tax according to or measured by their net income. The amount of such State tax shall be equivalent to four per cent of their net income. Such tax shall be subject to offset, in a manner to be prescribed by law, in the amount of personal property taxes paid by such corporations to the State or political subdivisions thereof, but the offset shall not exceed ninety per cent of such State tax. In any event, each such corporation shall pay an annual minimum tax to the State, not subject to offset, of twenty-five dollars. (b) The Legislature, two-thirds of all the members elected to each of the two Houses voting in favor thereof, may provide by law for the taxation by any other method authorized in this Constitution of the corporations, or the franchises, subject to be taxed pursuant to subdivision (a) of paragraph 2 of this section or subdivision (d) of section 14 of this article."

In 1929 (Stats. 1929, p. 19) the legislature enacted the Bank and Corporation Franchise Tax Act. Section 4 of the act provided: "Every financial, mercantile, manufacturing and business corporation doing business within the limits of the state, of the classes referred to in subdivision 2 (a) of section 16 of article thirteen of the Constitution of this state, shall annually pay to the state, for the privilege of exercising

its corporate franchises within this state, a tax according to or measured by its net income, to be computed, in the manner hereinafter provided, at the rate of four per centum upon the basis of its net income for the next preceding fiscal or calendar year.'' The section also made provision for offsets and for payment of the minimum tax of $25, and that the annual tax shall accrue on the first day after the close of the ''taxable year'', which is defined by section 11 to mean either the calendar year or the fiscal year ending during such calendar year upon the basis of which the net income is computed.

Section 13 (Stats. 1929, p. 1555) provided: ''A bank which locates or commences to do business within the limits of this state, and a corporation which commences to do business in this state, after the effective date of this act, shall thereupon prepay the minimum tax hereunder, and upon the filing of its return within two months and fifteen days after the close of its taxable year its tax for that year shall be adjusted upon the basis of the net income received during that taxable year. Said return shall also, in accordance with sections 23 to 26 inclusive, be the basis for the tax of said bank or corporation for its second taxable year.''

It is the plaintiff's contention that the return for the year 1931, its second year, showing a tax due of $1527.27, made pursuant to the foregoing sections, is the correct and only return required of it.

On February 27, 1931 (Stats. 1931, p. 64), the legislature amended section 13 of the act by adding thereto, after the portion hereinabove quoted, the following: ''except that in every case in which the first taxable year of a bank or corporation constitutes a period of less than twelve months, the net income to be used as the measure of the tax for the second taxable year shall be in the same proportion to the net income for the first taxable year as the number of months in the second taxable year bears to the number of months covered by the return for the first taxable year. . . . '' This was passed as an emergency measure, by two-thirds of both houses of the legislature.

It was subsequent to the effective date of said amendment to section 13 that the tax commissioner imposed the additional tax of approximately $8,000 for the year 1931, which was based on four per cent of double the net income

of the plaintiff for the period July 1–December 31, 1930, less the appropriate offsets. It is contended that the imposition of the additional tax was pursuant to said amendment and that so to impose the same was to give the amendment of February, 1931, an unconstitutional retroactive effect. That the contention is without merit is plainly indicated by the decision in *Fullerton Oil Co.* v. *Johnson*, 2 Cal. (2d) 162 [39 Pac. (2d) 796]. A similar contention was made in that case with respect to the amendment at the same time of section 8 (g) of the act changing the method of computing depletion allowances. Likewise in that case the contention was made that the law in force on the accrual date, viz., "the first day after the close of the taxable year", which was January 1, 1931, fixed the liability of the taxpayer, and that the amendment enacted subsequently could not be applied retroactively. This court disposed of the question adversely to the contention stating: "The retroactivity alleged is more apparent than real. If the 1931 amendment be applied in computing the 1931 tax, such application is to give the amendment a prospective rather than a retroactive operation. Although under the act the net income earned in 1930 is used as a base for computing the tax due for 1931, the tax collected in 1931 is not for the privilege of doing business in 1930 but is a tax for the privilege of doing business as a corporation in California for 1931. It is a tax for the privilege of exercising a corporate franchise for the entire year 1931—that is the current year when the act here involved became effective. The privilege being taxed is a present and continuing privilege, the amount of the tax being measured by the transactions of a prior year. Although, under the act, the tax accrued on January 1, 1931, and became a lien on the first Monday in March, 1931, the tax imposed for that year was for the entire current year. There is no reasonable or legal basis for contending that a taxpayer is entitled, regardless of legislative action, to have current taxes computed on the same basis as past taxes have been assessed. It is well settled that taxes for the current year may be changed any time during the year, and, in fact, additional taxes may be imposed during the current year on the same subject of taxation." (Citing cases.) The same reasoning disposes of the question here adversely to the plaintiff's contention.

■ There is no merit to the further contention that by the provisions of the Constitution it was contemplated that the tax for 1931 should be based on the income for that year and not on the income for the preceding year. The legislature was conferred with power sufficiently broad to warrant the institution of a system of computing the tax to insure payment of the annual tax exacted for a privilege in the year in which the privilege was exercised. This system of computation has been employed in similar legislation in this state since 1910 and has been approved inferentially at least in the following cases: *Pacific Gas & Elec. Co.* v. *Roberts,* 176 Cal. 183 [167 Pac. 845]; *Pullman Co.* v. *Richardson,* 185 Cal. 484 [197 Pac. 346], affirmed 261 U. S. 330 [43 Sup. Ct. 366, 67 L. Ed. 682]; *People* v. *Ford Motor Co.,* 188 Cal. 8 [204 Pac. 217]; *Pacific Co., Ltd.,* v. *Johnson,* 212 Cal. 148 [298 Pac. 489], affirmed 285 U. S. 480 [52 Sup. Ct. 424, 76 L. Ed. 893]; *Fullerton Oil Co.* v. *Johnson,* 2 Cal. (2d) 162 [39 Pac. (2d) 796]. (See, also, *Educational Films Corp.* v. *Ward,* 282 U. S. 379 [51 Sup. Ct. 170, 75 L. Ed. 400, 71 A. L. R. 1226]; *New York* v. *Jersawit,* 263 U. S. 493 [44 Sup. Ct. 167, 68 L. Ed. 405]; *Anderson* v. *City of Birmingham,* 205 Ala. 604 [88 So. 900].)

■ The plaintiff does not show error in the computation of the tax by the tax commissioner. There is no justification in the language of the act for the computation of the 1931 tax, the tax for the second year, by doubling the *tax* payable for the first year. The statute plainly requires the adjustment to be made on the basis of the *net income* for the first taxable year, rather than on the basis of the tax paid for that year.

Other points made are equally without merit.

The judgment is affirmed.

Thompson, J., Langdon, J., Seawell, J., Curtis, J., and Waste, C. J., concurred.