STATE OF NEBRASKA, APPELLEE, v. MICHAEL PAUL, APPELLANT.

131 N. W. 2d 129

Filed October 23, 1964. No. 35702.

Paul E. Galter, for appellant.

Clarence A. H. Meyer, Attorney General, and Richard H. Williams, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

YEAGER, J.

This is a criminal action prosecuted in the name of

the State of Nebraska, plaintiff, in the district court for Lancaster County, Nebraska, on information filed by William D. Blue, chief deputy county attorney, charging that Michael Paul, defendant, appellant herein, was guilty of the offense of grand larceny which was committed in the County of Lancaster and the State of Nebraska. On November 13, 1963, he was duly and regularly arraigned on the charge and at that time entered a plea of nolo contendere. At that time on this plea the court found him guilty of the charge and deferred action pending presentence investigation by the adult probation officer of the district court.

Thereafter on November 27, 1963, the court considered, ordered, and adjudged that he was guilty of the charge contained in the information and that he be imprisoned and confined in the Nebraska Penal and Correctional Complex in Lancaster County, Nebraska, for a period of 18 months from the date of sentence, and pay the costs of prosecution.

On the same day the defendant gave notice of appeal and was duly and regularly released on a bail bond pending the appeal.

By the assignments of error on appeal no contention is made that the judgment of conviction of the crime charged should be reversed and set aside. The only assignments of error are that the sentence is excessive under the circumstances and the facts established, and that the court erred in refusing to make the report of the adult probation officer a part of the record.

Based on these assignments of error the appellant contends only that the sentence should be, as stated in his brief, "reduced to one year, the minimum provided by law." This minimum is 1 year and the maximum is 7 years. § 28-506, R. R. S. 1943.

This court has the right to reduce a sentence rendered by the district court when in its opinion a sentence is excessive, and to render such sentence against the accused as in its opinion may be warranted by the evi-

dence. § 29-2308, R. R. S. 1943; State v. Eggers, 175 Neb. 79, 120 N. W. 2d 541. Other cases sustaining this rule are numerous.

It is to be assumed from the brief that the theory of the defendant is that the failure of the court to cause the probation officer's report to be made a part of the record improperly deprives this court of the right to consider possible information which would have a bearing on the propriety of the sentence imposed, in the light of which it must be presumed that detriment resulted to the defendant.

Under section 29-2235, R. S. Supp., 1963, the theory is without merit.

In a situation where sentence has been imposed within statutory limits it will not be disturbed in the absence of abuse of discretion. Taylor v. State, 159 Neb. 210, 66 N. W. 2d 514; Salyers v. State, 159 Neb. 235, 66 N. W. 2d 576.

The record in this case contains no showing of any kind or character that the sentence was excessive. In particular the report of the adult probation officer is not in the record, it was never properly offered in evidence, and no foundation was made for the offer of it or its contents. The record discloses in this connection only that the following question was asked by the attorney for the defendant: "Your Honor, is it appropriate at this time to ask that the adult probation report be marked in evidence?" To which the court replied: "No. There is no need to do that."

An examination of the entire record which is presented on this appeal fails to indicate that the district court abused its discretion in the imposition of the penalty on the defendant.

The judgment of the district court is affirmed.

AFFIRMED.