ROBERT G. NICHOLSON, APPELLANT, v. MAURICE H. SIGLER, WARDEN NEBRASKA PENAL AND CORRECTIONAL COMPLEX, APPELLEE.
JIMMY D. MADDOX, APPELLANT, v. MAURICE H. SIGLER, WARDEN NEBRASKA PENAL AND CORRECTIONAL COMPLEX, APPELLEE.

157 N. W. 2d 872

Filed April 5, 1968. Nos. 36851, 36852.

Robert G. Nicholson and Jimmy D. Maddox, pro se.

Clarence A. H. Meyer, Attorney General, Bernard L. Packett, and Harold Mosher, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

SPENCER, J.

The appellants, who are prisoners serving sentences in the Nebraska Penal and Correctional Complex, petitioned in these proceedings for writs of habeas corpus. These are separate actions but involve identical issues arising out of the same transaction. They will, therefore, be discussed together.

The district court properly found that the petitions did not state facts sufficient to state causes of action in habeas corpus, and dismissed them. This is at least the third time habeas corpus actions have been filed by petitioners. In the last ones, appeals from the Lancaster County district court, the judgments were affirmed April 28, 1967. See Maddox & Nicholson v. Sigler, 181 Neb. 690, 150 N. W. 2d 251, in which certiorari was denied by the United States Supreme Court, 389 U. S. 874, 88 S. Ct. 171, 19 L. Ed. 2d 161. Portions of the briefs of appellants are devoted to the issues raised in the previous appeals. Those issues are disposed of therein and will not be discussed herein.

On October 24, 1964, each of the appellants entered pleas of guilty to informations charging them with two separate offenses: Felonious assault with intent to commit rape, and feloniously and forcibly putting in fear to take from the person money of value with intent to rob and steal. Appellants, who were arrested in Wisconsin, were represented by counsel at all times after their arrival in Nebraska.

Appellants' petitions set out portions of both the state and federal Constitutions, as well as portions of the statutes of the State of Nebraska. They then allege that the complaints, warrants, and informations in their cases were totally deficient because the names of the purported victims were not specifically set out therein, and because the names of the witnesses were not endorsed

thereon. They further allege that the records fail to sustain the fact of the crimes and the involvement of appellants therein; and that the trial court passed cruel, excessive, and unusual punishments in the premises. Appellants have three more allegations which are based on their misinterpretation of the ruling on a demurrer in a previous habeas corpus action in Buffalo County, no part of which is included in the records herein, but which would be immaterial if included. It is apparent, however, that they have confused the parties in said action and there is no merit to their contention even if it could be material.

It is obvious that appellants are attempting to use habeas corpus to secure an appellate review of their convictions. That is not its purpose in this jurisdiction. Habeas corpus will not lie to discharge a person from a sentence of penal servitude where the court imposing the sentence had jurisdiction of the offense, had jurisdiction of the person of defendant, and the sentence was within the power of the court to impose. Hawk v. Olson, 146 Neb. 875, 22 N. W. 2d 136. In that case we held: " ' "Habeas corpus is a collateral, not a direct, proceeding when regarded as a means of attack upon a judgment sentencing a defendant. It cannot be used as a substitute for a writ of error." * * * "A judgment or sentence of a court of record in a criminal case is thus supported by the usual presumptions of validity and regularity when thus attacked. To obtain release from a sentence of imprisonment by habeas corpus, such sentence muct be absolutely void." * * * "A writ of habeas corpus is not a writ for the correction of errors and will not be allowed to be used for that purpose." ' "

The law is well settled that an inquiry by habeas corpus into the sufficiency of an information is limited to a determination of whether there is enough on the face of the information to charge an offense known to law and whether such offense is within the jurisdiction of

the trial court. In re Caldwell, 82 Neb. 544, 118 N. W. 133. The information herein meets both tests.

Appellants' main thrust is directed to the fact that the county attorney, obviously to protect the complaining witnesses, described them as three teen-age girls rather than using their names in the information. The information in each case, however, charges two separate offenses in the language of the statute. An information charging the accused with the commission of an offense substantially in the language of the statute is not subject to attack on habeas corpus. 39 C. J. S., Habeas Corpus, § 20, p. 462.

In State v. Shrader, 73 Neb. 618, 103 N. W. 276, 119 Am. S. R. 913, we held: "A prisoner will not be set at liberty by a writ of habeas corpus because the complaint on account of which he is held in custody states an alleged offense so defectively that it is or may be subject to successful attack by demurrer or motion to quash, if it contains enough substantially to accuse him of an act justifying his arrest and detention."

Section 29-1502, R. R. S. 1943, provides: "Whenever on trial of any indictment for any offense there shall appear to be any variance between the statement in such indictment and the evidence offered in proof thereof in the Christian name or surname, or both Christian name and surname, *or other description whatever of any person whomsoever therein named or described,* or in the name or description of any matter or thing whatsoever therein named or described, such variance shall not be deemed ground for an acquittal of the defendant, unless the court before which the trial shall be had shall find that such variance is material to the merits of the case or may be prejudicial to the defendant." (Italics supplied.)

The informations charged offenses in the language of the statute. Appellants, although represented by counsel, did not deny the offenses but rather pled guilty thereto. They could have required the State at any time to set out the names of the complaining witnesses on the informa-

tions. They were not deceived nor misled nor prejudiced in any particular. They knew that they were being charged with offenses committed against three teen-age girls. The description used, while subject to motion, was not a variance material to the merits or prejudicial in any way to the defendants.

This case is no different in substance from Sledge v. State, 142 Neb. 350, 6 N. W. 2d 76, in which the information used an assumed name for the complaining witness to protect a 13-year-old as long as possible. Defendant stood trial, and on trial an amendment was permitted to show the true name of the witness. We there held: "It is not prejudicially erroneous to allow an amendment to an information where there is a variance between the information and the proof as to a matter of description, where it would have been proper to submit the case to a jury without amendment notwithstanding the variance."

The failure to endorse the names of witnesses on the informations is an irregularity which appellants waived by their pleas of guilty. In any event, it cannot be raised by habeas corpus. "The regularity of the proceedings leading up to a sentence in a criminal case cannot be inquired into on an application for a writ of habeas corpus, that matter being assailable only in a direct proceeding." Jackson v. Olson, 146 Neb. 885, 22 N. W. 2d 124, 165 A. L. R. 932.

Section 29-1602, R. R. S. 1943, does require the endorsement of the names of witnesses on an information, and the failure in a contested case to endorse those known at the time the information is filed is error, but not necessarily prejudicial error. Even if appellants had not pled guilty herein and had gone to trial on the present informations, the description in the informations, in the absence of motions, would have been sufficient. See Waite v. State, 169 Neb. 113, 98 N. W. 2d 688.

Appellants' allegation that the records fail to sustain the fact of the purported crimes or the involvement of

appellants therein needs no further answer than that it is frivolous to the extreme. Appellants were represented by counsel, pled guilty to both counts of the informations, and the records clearly show their involvement in the crimes to which they pled.

Appellants further contend that their sentences are so excessive that they constitute cruel and unusual punishment in the premises. This issue cannot be raised by habeas corpus in this jurisdiction. Hawk v. Olson, 146 Neb. 875, 22 N. W. 2d 136. We observe, however, that in any event the sentences imposed are within the limits prescribed for the offenses involved. The law is well settled in this jurisdiction that where a sentence has been imposed by the district court within statutory limits it will not be disturbed in the absence of an abuse of discretion. State v. Paul, 177 Neb. 668, 131 N. W. 2d 129.

Appellants complain that they were given no evidentiary hearings herein. In this jurisdiction, a legal cause must be shown to entitle a petitioner to the remedy of habeas corpus. It is not demandable as a matter of course. Case v. State, 177 Neb. 404, 129 N. W. 2d 107.

The judgments of the district court should be and hereby are affirmed.

AFFIRMED.