EMBRY, Justice.
This appeal is by James R. Merritt from a judgment of the circuit court denying his petition for habeas corpus which sought the release of his son, Andy S. Merritt from custody of the Alabama Department of Mental Health.
The issue is whether the trial court erred in denying relief when the Department had never been made a party to the action by amendment although the return of respondent Edwin L. Booker, Sheriff of Conecuh County, showed he had, under order of the Probate Court of Conecuh County, transferred custody of Andy Merritt to that court and the return of respondent Frank T. Salter, Judge of Probate of Conecuh County, showed that he had transferred custody of Andy Merritt to the Alabama Department of Mental Health.
Merritt, when he learned that neither respondent had custody of Andy, did not amend to make the Department a party and pray that the writ issue to it, nor did he file another petition seeking relief against it.
*879 The trial court heard the case ore tenus, after which the petition was denied and this appeal ensued.
The evidence tended to show that Andy Merritt was involuntarily committed to the Department of Mental Health based on a petition filed in the probate court by the Department of Pensions and Security. That petition alleged that Andy Merritt was retarded and had been physically and severely abused by his parents. The evidence also showed that Judge- Salter committed Andy Merritt to the Department of Mental Health which later transferred Merritt to a foster home.
It is evident from the record that Andy Merritt was not committed because he posed a “real and present threat of substantial harm to himself or to others”, as required by § 22-52-10, Code 1975, but rather because his mental condition made him susceptible to abuse by his father and stepmother. The petition for commitment filed by the Department of Pensions and Security failed to allege “a recent overt act committed by the person sought to be committed evidencing the said person’s mental illness and the threat of harm to himself or others” as required by § 22-52-1, Code 1975. Despite the failure to comply with the above code sections, Andy Merritt was committed under their provisions.
The proper procedure for cases involving mentally retarded individuals who are abused by their parents or guardian is set out in Section 22-52-55, Code 1975. It specifically provides for cases such as the one at bar. Although the procedure in that section was not followed in this case, it does not affect the outcome of this appeal since James Merritt’s petition failed to meet the minimum requirements necessary to cause the writ of habeas corpus to issue.
Section 15-21-1, et seq., Code 1975, governs the procedure for obtaining the writ of habeas corpus. Section 15-21-4 provides that application for the writ must be made by petition. It must state in substance:
“ * * * the name of the person on whose behalf the application is made, that he is imprisoned or restrained of his liberty in the county, the place of such imprisonment, if known, the name of the officer or person by whom he is so imprisoned and the cause or pretense of such imprisonment; * * * ” (emphasis added)
The function of the petition is to secure the issuance of the writ of habeas corpus. Payne v. Graham, 20 Ala.App. 439, 102 So. 729 (1925). The writ cannot issue to the officer or person having custody if such officer or person is not named or described in the petition. It is therefore essential that the petition specify the officer or person by whom the prisoner is restrained. See In re Calhoun, 47 Ohio St.2d 15, 350 N.E.2d 665 (1976); 39 Am.Jur.2d, Habeas Corpus, § 122, p. 266-67 (1968). This petitioner failed to do.
Petitioner did specify the officer who initially took his son into custody, Sheriff Booker. As required by § 15 — 21— 17, Code 1975, that officer filed a return stating to whom he had transferred custody of petitioner’s son. The probate judge likewise stated that he had transferred custody to the Department of Mental Health. At that time petitioner should have amended his petition to allege the Department of Mental Health had custody and demand that the writ of habeas corpus issue to it. Without the Department being made a party, the circuit court could not order it to release Andy Merritt. The court’s denial of the petition must, therefore, be affirmed.
AFFIRMED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and ALMON, JJ., concur.