CITY OF BELDING v. IONIA COUNTY, TREASURER.

1. FINES—DISTRIBUTION OF MONEYS—SUPERINTENDENT OF PUBLIC IN-
STRUCTION—COUNTY TREASURER—APPORTIONMENT.
The superintendent of public instruction does not have discre-
tionary power to pick and choose, as he may wish, between
established libraries as to which shall share in the penal fine
moneys, such selection having been made by law and con-
ferring upon such superintendent the ministerial duty to ac-
quire factual information which he is to transmit to county
treasurers and which they, in turn, utilize in the apportionment
of such funds (CLS 1956, §§ 340.910–340.913, 340.915).

2. SAME—SUPERINTENDENT OF PUBLIC INSTRUCTION—APPORTIONMENT
OF FUNDS.
Provision of Constitution requiring legislature to provide for
the establishment of township and city libraries and spe-
cifically directing that penal fine moneys "shall be exclusively
applied to the support of such libraries" did not authorize
the conferral of any discretionary power upon the superintend-
ent of public instruction in the apportionment of such funds
(Const 1908, art 11, § 14).

3. SAME—CITIES—LIBRARIES.
A city which has established a library pursuant to statute is
entitled to an apportionment of penal fine moneys pursuant
to the Constitution (Const 1908, art 11, § 14; CL 1948,
§ 397.201; CLS 1956, §§ 340.910–340.913, 340.915).

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 43 Am Jur, Public Officers § 306.
[3] 50 Am Jur, Statutes § 467.
[4] 35 Am Jur, Mandamus § 327.
[5] 50 Am Jur, Statutes § 467.
[6] 34 Am Jur, Mandamus § 155.
[7] 23 Am Jur, Forfeitures and Penalties § 84.
[8] 3 Am Jur, Appeal and Error § 1211.
[9] 3 Am Jur, Appeal and Error § 866.
[10] 35 Am Jur, Mandamus § 393.

4. MANDAMUS—PARTIES—DISTRIBUTION OF PENAL FINE MONEYS—
COUNTY TREASURER—SUPERINTENDENT OF PUBLIC INSTRUCTION.

A county treasurer who has not apportioned county fine moneys
to plaintiff city clearly entitled thereto, since it had established
a library pursuant to statute, was a proper party to be pro-
ceeded against in mandamus proceeding to compel apportion-
ment of such moneys, and the action need not be against su-
perintendent of public instruction to secure a change or cor-
rection of his statutory statement to the county treasurer,
where such statement is not controlling of the action (Const
1908, art 11, § 14; CL 1948, § 397.201; CLS 1956, §§ 340.910–
340.913, 340.915).

5. FINES—DISTRIBUTION OF PROCEEDS—CITY LIBRARY—CITY SCHOOL
DISTRICTS.

A city which has established a library pursuant to statute is
entitled to an apportionment of penal fine moneys, as required
by the Constitution, on the basis of the number of school-age
children within its borders, without addition of those outside
the city even though within the school district of which the
city's territory is a part (Const 1908, art 11, § 14; CL 1948,
§ 397.201 *et seq.*; CLS 1956, §§ 340.901, 340.910–340.913,
340.915).

6. MANDAMUS—APPORTIONMENT OF FUNDS—RELIEF.

A plaintiff in a mandamus proceeding to compel an apportion-
ment of public funds is not to be denied any relief because
it seeks more than that to which it is clearly entitled, where
the amount to which it is entitled is readily computable by
application of the proper rule of law.

7. FORFEITURES—BURDEN OF PROOF.

The burden rests upon a party seeking to inflict a forfeiture or
exact a penalty, as provided by statute, to show the existence
of facts warranting such action.

8. FINES—APPORTIONMENT—FORFEITURE—REMAND.

The public interest involved in the apportionment of penal fine
moneys to libraries is sufficient to warrant remand by Supreme
Court of mandamus proceeding for purpose of taking proofs
as to whether the superintendent of public instruction did
direct, and whether plaintiff city failed to make, the requisite
reports as so directed, and also as to facts concerning school
census figures in the city and determination and apportion-
ment accordingly rather than summarily determining that
plaintiff had forfeited its right to apportionment of such

funds (Const 1908, art 11, § 14; CL 1948, § 397.201 *et seq.*; CLS 1956, §§ 340.910–340.913, 340.915).

**9.** MANDAMUS — APPEAL — QUESTIONS REVIEWABLE — FINES — APPORTIONMENT—SCHOOLS—CITIES.

Rights of defendant school district, embracing all of territory of plaintiff city and additional outlying areas in neighboring townships, to share in apportionment of penal fine moneys paid into county treasury are not passed on by Supreme Court on appeal in mandamus proceeding brought to enforce an apportionment in favor of plaintiff city which had established a library pursuant to statute (Const 1908, art 11, § 14; CL 1948, § 397.201 *et seq.*; CLS 1956, §§ 340.910–340.913, 340-.915).

**10.** COSTS—PUBLIC QUESTION—MANDAMUS—APPORTIONMENT OF PENAL FINE MONEYS—CITIES.

No costs are allowed in mandamus proceeding to compel apportionment to plaintiff city, which had established a library, of penal fine moneys which had been paid into county treasury, a public question being involved (Const 1908, art 11, § 14; CL 1948, § 397.201 *et seq.*; CLS 1956, §§ 340.910–340.913, 340-915).

Appeal from Ionia; Davis (Morris K.), J. Submitted January 12, 1960. (Docket No. 47, Calendar No. 48,068.) Decided June 7, 1960.

Mandamus by the city of Belding, a municipal corporation, in its own right and acting in behalf of the Alvah N. Belding Memorial Library, against Kathleen Maloney, Ionia County Treasurer, and Belding Area Schools to enforce payment of pro rata share of penal fines collected and earmarked by statute for library purposes. Writ denied. Plaintiff appeals. Attorney General intervenes on appeal asking determination of parties entitled to funds and mandamus directing payment. Reversed and remanded.

*Leo Bebeau* and *Gemuend & Barnes* (*Raymon W. Barnes,* of counsel), for plaintiff.

*Paul L. Adams,* Attorney General, *Samuel J. Torina,* Solicitor General, and *Maxine Boord Virtue,* Assistant Attorney General, for intervenor.

*Ronald Van Buren,* Prosecuting Attorney, for defendant Ionia County Treasurer.

*Strawhecker & McCargar,* for defendant Belding Area Schools.

DETHMERS, C. J.    Plaintiff city long has had a public library.    It sought mandamus to compel defendant county treasurer to pay it the portion of the penal fines paid into the county treasury during 1957, which plaintiff claimed to be due it under the following statutory provisions:

"Sec. 913.   The proceeds of all fines for any breach of the penal laws of this State when collected in any county and paid into the county treasury, together with all moneys heretofore collected and paid into said treasury on account of such fines and not already apportioned, shall be apportioned by the county treasurer in accordance with the directions of the superintendent of public instruction, as provided in section 915 of this chapter, before the first day of August in each year among the several townships, districts or cities entitled to the same in the county, which money when received by the proper authorities shall be exclusively applied to the support of libraries and to no other purpose:  Provided, however, That in any county in which a county library shall have been established under the provisions of Act No 138 of the Public Acts of 1917, as amended, being sections 397.301 to 397.305, inclusive, of the Compiled Laws of 1948,[1] or Act No 250

---

[1] See Stat Ann 1959 Rev §§ 15.1701–15.1705.—REPORTER.

of the Public Acts of 1931, as amended, being sections 397.151 to 397.159, inclusive, of the Compiled Laws of 1948,[2] or is hereafter established and meets the standards set by the State board of libraries, the county library shall be entitled to all proceeds of the penal fines; in such county, upon application of the county library board on or before July first of each year, the county treasurer shall transfer such apportionment to said county library fund: Provided further, That where an area within such county is served by an established public library which meets the standards set by the State board for libraries, the county treasurer shall allocate to the board of trustees of said existing public library the per capita portion, based on school census, of all receipts from penal fines: Provided further, That this section shall not be construed as affecting the provisions of section 40 of chapter 35 of Act No 314 of the Public Acts of 1915, as amended, being section 635.40 of the Compiled Laws of 1948.[3]"   PA 1955, No 269 (CLS 1956, § 340.913 [Stat Ann 1959 Rev § 15.3913]).

"Sec. 915. The superintendent of public instruction shall annually and previous to the fifteenth day of July transmit to the clerk and treasurer of each county a statement of the townships, school districts and cities in his county that are entitled to receive library moneys, giving the number of children in each case between the ages of 5 and 20 years, as shall appear from the annual reports of such townships, school districts and cities for the school year last ending." PA 1955, No 269 (CLS 1956, § 340.915 [Stat Ann 1959 Rev § 15.3915]).

From denial of the writ plaintiff appealed. The attorney general intervened at that juncture.

The statement of the superintendent of public instruction, transmitted to defendant county treasurer for the year 1957, as provided in section 915 of the

---

[2] See Stat Ann 1959 Rev §§ 15.1781–15.1789.—REPORTER.
[3] See Stat Ann 1959 Cum Supp § 27.2224.—REPORTER.

statute above, listed defendant, Belding city school district, but not the plaintiff, Belding city. In apportioning the penal funds, as in section 913 of the statute provided, the defendant county treasurer apportioned to defendant, Belding city school district, the sum of $6,630.05. It is that sum which plaintiff, by this action, sought to have apportioned to it.

Pertinent language of section 913, above, is its initial provision that the proceeds of penal fines in the county treasury, "shall be apportioned by the county treasurer in accordance with the directions of the superintendent of public instruction, as provided in section 915 of this chapter * * * among the several townships, districts or cities entitled to the same in the county." The provision of section 915, so referred to, requires the superintendent of public instruction to transmit annually to the county treasurer a statement of the townships, school districts, and cities in the county entitled to library moneys, giving the number of children of school age in each. The proviso in section 913 with respect to county libraries is of no effect here because the county in question has no such library.

Was there a clear legal duty on defendant county treasurer, under the above, initial provision of section 913, to apportion penal fine moneys to plaintiff for 1957 when plaintiff was not listed in the statement of the superintendent of public instruction? That is a controlling question in this case.

Defendant school district says that the county treasurer may apportion only to those listed on the superintendent of public instruction's statement as entitled to receive library moneys; that plaintiff was not so listed; that plaintiff may not, therefore, maintain this action against the county treasurer; and that if plaintiff was a city entitled to receive library moneys, its action should have been against the

superintendent of public instruction to require him to include it as such in his statement to the county treasurer.

We do not agree with the trial court that it rests within the discretionary power of the superintendent of public instruction to pick and choose, as he may wish, between established libraries as to which shall share in the penal fine moneys. That selection is made by law, not by officials. The function conferred upon him in this connection is ministerial, not discretionary. Townships, school districts, and cities which do not maintain libraries are not entitled to receive such library moneys, and those which do, and otherwise would be so entitled, forfeit their rights thereto, under section 911[4] of the act, for failure to make the reports required under the act or to use the library moneys so received in accordance with the provisions of law; and they are not entitled to share therein, under section 912, if they fail to expend their library money for library purposes within 1 year after receipt of same. The facts with respect thereto, and, hence, as to a local unit's being entitled to share under the law, and the figures disclosed by a school children's census, are the ones which, under section 910 of the act, should be required by the superintendent of public instruction to be reported to him. Clearly the language of section 915 endows him with no discretionary powers in that connection to select libraries for favors, but merely places upon him the ministerial duty of transmitting such factual information, received by him from the local units under section 910, to the county treasurer. It is to the information thus acquired and transmitted, under this ministerial, nondiscretionary, statutory duty, that reference is made in section 913, in providing for apportionment by the county treasurer "in

---

[4] Sections 910–912, herein referred to, are CLS 1956, §§ 340.910–340.912 (Stat Ann 1959 Rev §§ 15.3910–15.3912).—REPORTER.

accordance with the directions of the superintendent of public instruction." This is the inescapable legislative intent and meaning to be derived from a reading of the pertinent and related provisions of the statute as a whole. To hold otherwise would be to ascribe to the legislature an intent to confer upon the superintendent of public instruction an unconstitutional, discretionary power in violation of plaintiff's rights under Michigan Constitution 1908, art 11, § 14, which reads:

"The legislature shall provide by law for the establishment of at least one library in each township and city; and all fines assessed and collected in the several counties, cities and townships for any breach of the penal laws shall be exclusively applied to the support of such libraries."

This constitutional provision requires the proceeds of penal fines to be applied to the support, not of such libraries as the superintendent of public instruction may select, but, *inter alia,* of at least 1 library in each city, established under law which the legislature was thereby required to enact to provide for same. CL 1948, § 397.201 (Stat Ann 1959 Rev § 15.1661), contains statutory provisions for establishment of a city library. Plaintiff has a city library which is entitled to an apportionment under article 11, § 14.

The power and duty of the superintendent of public instruction, under the statute, consisting, then, of the ministerial duty of acquiring certain information and transmitting it to the county treasurer, it is the latter that is required, by statute, to apportion the penal fines, in accord with that information, among the several "townships, districts or cities". Among which? As the statute provides, among those "entitled to the same". That includes plaintiff. Defendant county treasurer, having failed to do so, is properly the party to be proceeded against by

plaintiff. While the statute provides that the county treasurer shall apportion according to the information received from the superintendent of public instruction, including figures as to school census, et cetera, nevertheless the treasurer's apportionment is required by the statute to be "among the several townships, districts or cities entitled to the same", not among those selected by the superintendent of public instruction. A clear legal duty reposes on the county treasurer in this regard, and a clear legal right is plaintiff's to receive the apportionment from him. Hence, plaintiff's action need not be against the superintendent of public instruction to secure a change or correction of his statement to the county treasurer, which is not controlling of plaintiff's rights in this respect, but against the treasurer to require him to apportion, as the statute requires, among the units entitled to the same, which includes the plaintiff.

In view of what we have said, we need not consider questions raised as to plaintiff's right to the same relief, above approved, under the second proviso clause of section 913.

Plaintiff claims that the apportionment due it is to be determined by the school census figures for the Belding school district, which includes all of plaintiff city and some additional outlying areas in neighboring townships. With that we do not agree. Section 910 of the act requires the city to report such facts to the superintendent of public instruction as he may require. Section 911 provides a penalty for noncompliance by the city. Section 915 requires the superintendent of public instruction to transmit to the county treasurer the figures secured from such reports from the local units relative to school-age children in each. It is according to this information to the county treasurer that he is directed by section 913 to make his apportionment to the several units.

It is evident from all this that a city shall receive an apportionment for its city library only on the basis of school-age children within its borders, without addition of those outside the city, even though within the city school district. Plaintiff bases its contrary contention on the concluding language of section 901 of the act (CLS 1956, § 340.901 [Stat Ann 1959 Rev § 15.3901]) that:

"All persons who are residents of the city school district shall be entitled to the privileges of the city or school library."

From this plaintiff urges, in effect, that its library, thus, is the library of the school district and so entitled to apportionment on the basis of all school-age children in the district. The error in plaintiff's reasoning is not difficult to discover. This act clearly traces back to PA 1909, No 32, and earlier. In that act, as distinguished from the present PA 1955, No 269, the opening provision of its first section provided that "a library may be maintained in each organized township or city" while the 1955 act reads "organized township or school district". Section 7 of the 1909 act provided that the board of education of the city in which a city library was established under that act, should have charge of the library. Now that the words "school district" have supplanted the word "city," as a unit entitled to maintain a library under section 901 of the 1955 act, section 908[5] still provides for control thereof by the board of the school district. It is evident that the libraries contemplated under this act are city school district libraries in charge of the board of education of the district, and it is only as to them that the mentioned provision in section 901 has application, permitting all residents of the city school district to use such library. This has no application to a city library in

---

[5] CLS 1956, § 340.908 (Stat Ann 1959 Rev § 15.3908).—REPORTER.

charge of a city board as provided and permitted under PA 1877, No 164 (CL 1948, § 397.201 *et seq.* [Stat Ann § 15.1661 *et seq.*]).

The trial court based its decision, denying the writ, in part on the fact that plaintiff sought apportionment on a basis greater than it could possibly be entitled to receive, holding that, in such case, the amount involved being doubtful or in dispute, mandamus will not lie under our holding in *Lilienthal* v. *City of Wyandotte,* 286 Mich 604. While there is language to that effect in the opinion in that case, it went on to hold that mandamus did lie there to compel a definite payment because the amount could be determined readily, by application of the proper rule of law. So here, this Court hereby having announced the law to be applied, computation may easily be made. Hence, mandamus will lie. The fact that plaintiff happened to ask for too much is no barrier to issuance of the writ requiring apportionment in proper amount in accord with the law. *People, ex rel. Mixer,* v. *Supervisors of Manistee County,* 26 Mich 422.

Defendants say plaintiff has failed to show that it has made the statutory reports required under section 910, above considered, and is therefore subject to the forfeiture provided therefor in section 911. Neither is the contrary shown by defendants, nor is it shown that the superintendent of public instruction furnished plaintiff with a requisite form or directed plaintiff to furnish any information as in said section 910 provided. In *Goetz* v. *Black,* 256 Mich 564, 572, 573 (84 ALR 802), this Court said:

"A statute awarding a penalty is to be strictly construed, and, before a recovery can be had, the case must be brought clearly within its terms."

While that case is not direct authority here, in the same general tenor, it should be said that when a statute provides for inflicting a forfeiture or exacting a penalty, the burden must rest upon him who urges it to show the existence of facts warranting such action. This the defendants have not done here.

At the same time, with respect to the number of children of school age for years 1956 or 1957, in plaintiff city, the record contains nothing of such character upon which a determination by the Court of the proper amount of an apportionment to plaintiff should be based. While we would not ordinarily remand for taking further proofs to enable defendant to sustain its burden of showing the existence of facts, if any, working a forfeiture, under the statute, against plaintiff, nonetheless, because here the apportionment to which plaintiff would be entitled under our holding above cannot be made without a showing of facts as to school-age population at the time in question in plaintiff city, we do remand for taking of proofs as to whether the superintendent of public instruction did direct and whether plaintiff failed to make the requisite reports as so directed, and also as to the facts concerning school census figures in plaintiff city, and determination and apportionment accordingly. The public interest involved warrants the remand for such purposes.

Despite the complaint that questions raised as to defendant school district's rights to share in the apportionment will thus be left *in nubibus,* we do not pass on them in a mandamus proceeding brought to enforce an apportionment in favor of plaintiff city. In the event the parties are tempted to further litigation by the claimed existence of such questions, based on alleged uncertainties as to whether defendant school district's library has been legally established, attention is invited, however, to *Stuart* v. *School District No. 1, Kalamazoo,* 30 Mich 69.

Reversed and remanded for purposes stated. No costs, a public question being involved.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.