CITY OF BELDING *v.* IONIA COUNTY TREASURER.

1. Fines—Apportionment to Libraries.

Penal fine moneys are required to be apportioned in counties having no county library to local units having public libraries on the basis of the proportion that the number of school-age children in each such unit bears to the total number of school-age children in all such units entitled thereto in the county notwithstanding some of such children may be counted in more than 1 district, and even though such apportionment may require adjustment of payments of future funds to be received (CLS 1956, §§ 340.913, 340.915).

References for Points in Headnotes
[3] 14 Am Jur, Costs § 91.

2. SAME—APPORTIONMENT TO LIBRARIES—RECORD OF ESTABLISHMENT.
    The legal establishment of a school district library may not be
    the subject of a collateral attack in mandamus action for
    apportionment of penal fine moneys because of the loss of rec-
    ords of the original referendum election, where there has been
    long public acquiescence in the exercise by school district of
    the powers and functions appertaining to operation of a
    school district library (CLS 1956, §§ 340.913, 340.915).

3. COSTS — PUBLIC QUESTION — APPORTIONMENT OF PENAL FINE
    MONEYS.
    No costs are allowed in mandamus proceeding relative to appor-
    tionment of penal fine moneys, a public question being in-
    volved.

Appeal from Ionia; Davis (Morris K.), J. Sub-
mitted April 4, 1962. (Docket No. 21, Calendar No.
49,131.) Decided September 7, 1962.

Mandamus by the City of Belding, a municipal
corporation, in its own right and acting in behalf
of the Alvah N. Belding Memorial Library, against
Kathleen Maloney, Ionia County Treasurer, and
Belding Area Schools to enforce payment of pro
rata share of penal fines collected and earmarked
by statute for library purposes. Attorney General
intervened on prior appeal. On remand from Su-
preme Court apportionment made to plaintiff. In-
tervenor appeals. Reversed and remanded for
reapportionment.

*Leo Bebeau* and *Gemuend & Barnes* (*Raymon W.
Barnes,* of counsel), for plaintiff.

*Frank J. Kelley,* Attorney General, *Eugene Kra-
sicky,* Solicitor General, and *Maxine Boord Virtue,*
Assistant Attorney General, for intervenor.

DETHMERS, J. This mandamus case makes its
second appearance here. The background and rele-
vant facts are to be found in our previous opinion

reported at 360 Mich 336.   Involved is apportion-
ment of Ionia county penal fine moneys to libraries
entitled thereto.   We held that plaintiff city was
entitled to an apportionment for its public library
on the basis of school-age children within its borders,
unless a forfeiture had been effected.   We remanded
for taking of proofs and a determination as to
whether plaintiff had forfeited its rights and, if not,
for determination, also, of the number of children
of school age residing within plaintiff city and appor-
tionment accordingly.

On remand, it was stipulated that there was no
forfeiture on plaintiff's part and that there were
1,330 children of school age in plaintiff city and, in
addition to those, another 30, or 1,360, in defendant
Belding Area School District.   Also, taking note of
our reference to *Stuart* v. *School District No. 1
of the Village of Kalamazoo,* 30 Mich 69, plaintiff
stated that it did not contest the legal establish-
ment of defendant school district's library and its
right to a portion of the penal fine moneys, but it
insists that that defendant's share must be appor-
tioned only on the basis of school-age children in
the district but outside of the city.

The court, on remand, ordered the defendant coun-
ty treasurer to pay to plaintiff city, out of the
county's penal fine moneys, $6,483.80, being a sum
representing the product of 1,330 times the figure
which is the quotient of total penal fine moneys in
the county treasury divided by the total number of
children of school age in local units which have
public libraries in Ionia County and are entitled to
library moneys.

The attorney general, as intervenor, has taken an
appeal.   His position is that the $6,483.80 should be
divided equally between plaintiff city and defendant
school district because the library of each serves

the 1,330 school-age children residing in plaintiff city.

We disagree with the order of the circuit court and with the positions of both the plaintiff and the attorney general.

The applicable statutory and constitutional provisions, referred to in our previous opinion, contain no authority whatsoever for the 50-50 split proposed by the attorney general. Neither do they authorize, for the purpose of making the apportionment for defendant school district, exclusion of 1,330 school-age children residing therein from the count of school-age children in the district merely because they also happen to reside in plaintiff city.

Section 915 of the statute (CLS 1956, § 340.915 [Stat Ann 1959 Rev § 15.3915]) provides for an annual statement, from the superintendent of public instruction to the county clerk and county treasurer, of the townships, cities, and school districts in the county entitled to receive library moneys, giving the number of school-age children in each as reported to his office by such local units. Sections 913* and 915, read together, call for apportionment by the county treasurer, in counties having no county library, of the penal fine moneys to each of those local units having public libraries and entitled to receive library moneys on the basis of the proportion that the number of school-age children in each such unit bears to the total arrived at by adding the number of school-age children in all such units entitled thereto in the county. It will be objected that the 1,330 children in plaintiff city are thus included both in the count for plaintiff city and in that for defendant school district, to the prejudice of units elsewhere in the county where but 1 library exists. We cannot read the statute as providing

---

* CLS 1956, § 340.913 (Stat Ann 1959 Rev § 15.3913).—Reporter.

for anything other than precisely that result. Units having no such library and not entitled to receive library moneys, of course, receive nothing at all. There is nothing unconstitutional about this or violative of the statute.

If apportionment to plaintiff as herein outlined leaves the fund in the hands of the county treasurer insufficient to pay both plaintiff and defendant school district on that basis, because of previous apportionments to units not involved in this suit in amounts in excess of that which would have been paid to them under the formula herein mentioned, we apprehend that adjustments may be made from moneys later coming in to the county's penal fines fund.

Question is raised concerning the import of the reference in our previous opinion to the *Stuart Case.* Proof of loss of records of the original referendum election for the district library's establishment is not a *sine qua non.* We think that case, applied to the facts at bar, fairly indicates that after long public acquiescence in the exercise by a school district of the powers and functions appertaining to operation of a school district library, its legal establishment is not subject to collateral attack as would be the case here.

Reversed and remanded for issuance of writ commanding apportionment by the county treasurer to plaintiff in conformity herewith.

No costs, a public question being involved.

CARR, C. J., and KELLY, BLACK, KAVANAGH, SOURIS, and OTIS M. SMITH, JJ., concurred.

ADAMS, J., did not sit.