## MANISTIQUE AREA SCHOOLS v.
## STATE BOARD OF EDUCATION

1. Schools and School Districts—State Aid—Apportionment— State Board of Education—Mandamus.

   The duty of making apportionments of state school aid rests upon the State Board of Education, and mandamus is the proper remedy to compel the board to comply with statutory requirements in distributing state school aid (MCLA §§ 388.690, 388.1014).

2. Mandamus — Availability of Remedy — Statute — Interpretation.

   Mandamus is an extraordinary remedy and will issue only when a legal duty and legal right to have the duty performed are clear, but a party cannot escape a mandamus action merely by saying that its interpretation of a statute makes the statute ambiguous and hence mandamus will not lie.

References for Points in Headnotes

[1]  47 Am Jur, Schools § 104 *et seq.*
[2]  34 Am Jur, Mandamus § 36.
[3, 5]  47 Am Jur, Schools § 90 *et seq.*
[4]  50 Am Jur, Statutes § 339 *et seq.*

3. Sᴄʜᴏᴏʟs ᴀɴᴅ Sᴄʜᴏᴏʟ Dɪsᴛʀɪᴄᴛs—Rᴇᴏʀɢᴀɴɪᴢᴀᴛɪᴏɴ—Sᴛᴀᴛᴇ Aɪᴅ—
Aᴘᴘᴏʀᴛɪᴏɴᴍᴇɴᴛ—Sᴛᴀᴛᴜᴛᴇ—Pᴜʀᴘᴏsᴇ.

Provision in statute that school districts reorganized under the
statute shall for the two fiscal years next following reorganiza-
tion receive state aid in an amount not less than the ag-
gregate of state aid which would have been due proportion-
ately to the component districts before reorganization was
part of a comprehensive attempt on the part of the legisla-
ture to encourage the elimination of non-high-school districts
within the state and represented an effort to stimulate re-
organization and make it more attractive (CL 1948, § 388.681
*et seq.*, as added by PA 1964, No 289).

4. Sᴛᴀᴛᴜᴛᴇs—Cᴏɴsᴛʀᴜᴄᴛɪᴏɴ—Sɪᴍɪʟᴀʀ Sᴜʙᴊᴇᴄᴛ Mᴀᴛᴛᴇʀ.

An attempt should usually be made to harmonize two statutory
provisions dealing with the same general subject matter, but
a statutory provision must be taken as found if it is plain
on its face and does not deal with the same subject matter
as another statute.

5. Sᴄʜᴏᴏʟs ᴀɴᴅ Sᴄʜᴏᴏʟ Dɪsᴛʀɪᴄᴛs—Sᴛᴀᴛᴇ Aɪᴅ—Aᴘᴘᴏʀᴛɪᴏɴᴍᴇɴᴛ—
Rᴇᴏʀɢᴀɴɪᴢᴇᴅ Sᴄʜᴏᴏʟ Dɪsᴛʀɪᴄᴛ—Sᴛᴀᴛᴜᴛᴇ.

Provision in a statute that a school district reorganized under
the statute shall in the two fiscal years next following re-
organization be given state aid in an amount not less than
the aggregate of state aid which would have been due pro-
portionately to the component districts prior to reorganiza-
tion was not intended by the legislature to deal solely with
a dollar amount, but rather to deal with an aggregate result
produced by the imposition of the statutory provision on the
school aid formula in effect for each year (MCLA § 388.690).

Original proceeding in Court of Appeals. Sub-
mitted Division 2 May 8, 1969, at Lansing. (Docket
No. 5,650.) Decided July 31, 1969. Leave to appeal
denied March 31, 1970. See 383 Mich 775.

Complaint by Manistique Area Schools, School-
craft County, against the State Board of Education
for a writ of mandamus ordering payment of state
school aid due. Writ granted.

*Herbert, Wood & Hood,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, and *Eugene Krasicky* and *Gerald F. Young,* Assistant Attorneys General, for defendant.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

DANHOF, J.   Plaintiff commenced an original action in this Court for a writ of mandamus against the defendant claiming that the defendant had not performed the legal duty imposed upon it under the provisions of PA 1964, No 289, § 10 (MCLA § 388.690 [Stat Ann 1968 Rev § 15.2299(10)]) in that defendant had failed to make distribution of school aid funds as required by the statute.   Defendant denies the allegation, claiming that the statute involved is ambiguous and, therefore, mandamus will not lie; and further, that the defendant has properly interpreted the provisions of the above-cited act.

Plaintiff district came into being on July 25, 1966, being the successor district of seven complete districts lying in Schoolcraft County.   The districts before reorganization were: School District of the City of Manistique, City of Manistique; Doyle School District, Doyle Township; Fairview School District, Manistique Township; Germfask School District, Germfask Township; Hiawatha School District, Hiawatha Township; Mueller School District, Mueller Township; and Thompson School District, Thompson Township; these districts were reorganized pursuant to the provisions of PA 1964, No 289. Plaintiff further claims that because of the misapplication of PA 1964, No 289, § 10, it has received school aid payments which were insufficient in the approx-

imate amount of $56,000 for the school year 1966–1967 and $63,000 for the school year 1967–1968.

We must determine whether mandamus is proper in this case. Our conclusion is that it is. A reading of § 10, *supra,* shows that it imposes the duty of making apportionments of school aid upon the defendant who is the successor to the superintendent of public instruction.[1] Section 10, *supra,* reads as follows:

"School districts formed under the provisions of this act shall be entitled to and receive financial aid from the state in the manner provided by legislative appropriation for school aid purposes except that the apportionments of state aid due any school district formed under this act in the 2 fiscal years next following reorganization shall not be less than the aggregate of state aid which would have been due proportionately to the component districts prior to the reorganization. It shall be the duty of the superintendent of public instruction in making apportionments of state aid to adjust the amount of state aid due each such school district accordingly."

Thus, it is defendant who has the clear legal duty of making the apportionment and distributing school aid according to the statute. The question that must be determined is whether the defendant has complied with the legal mandate which the statute has imposed upon it. Defendant cannot escape the mandamus action by saying its interpretation of the statute makes the statute ambiguous and hence mandamus will not lie; see *City of Belding* v. *Ionia County Treasurer* (1960), 360 Mich 336.

Our task is to determine the meaning of PA 1964, No 289, § 10.

As defendant has stated in its brief the primary purpose of PA 1964, No 289 was a comprehensive

---

[1] PA 1964, No 287, § 14 (MCLA § 388.1014 [Stat Ann 1968 Rev § 15.1023(14)]).

attempt on the part of the legislature to encourage the elimination of non-high-school districts within the State of Michigan. The provisions of the act concerning reorganization were not continuing, and once the elections required by the act had been held there were no further activities to be conducted. In short, this was a single comprehensive process to obtain reorganization of the school districts of the State of Michigan. Therefore, in an effort to stimulate reorganization and to make it more attractive, the legislature included § 10 which contained an added inducement to guarantee receipt of school aid in an amount no less than the total which each school district would have received had they not consolidated, and to guarantee to the reorganized district for a period of two years any future increments in school aid. Additionally, § 10 provided that each year for the next two years following reorganization the defendant was to use the school aid formula as then in existence, but the amount to be paid would be no less than what had been received by each district in the year prior to reorganization.

In contrast to PA 1964, No 289, § 10, defendant refers to PA 1957, No 312, § 8 as amended by PA 1968, No 21, § 8a(1) (MCLA 1969 Cum Supp § 388.618a [Stat Ann 1969 Cum Supp § 15.1919 (58a)]). This is a general provision within the school aid act, and the pertinent language has been found in the school aid act since its inception in 1957.[2] As herein relevant, it states:

"Whenever 2 or more districts are reorganized into a single district, *either through a procedure of annexation or consolidation,* the amount of state aid to be received by such new district during the 2

---

[2] See PA 1957, No 312, § 8 (MCLA § 388.618 [Stat Ann 1968 Rev § 15.1919(58)]). Repealed by PA 1968, No 21.

years immediately subsequent to the annexation or consolidation shall not be less than *the total sum of state aid which was received by all of the districts forming the new district during the last fiscal year in which the districts received aid as separate districts.*" (Emphasis supplied.)

This section deals with annexation and consolidation which occur as a continuing matter and which are, as defendant admits, usually stimulated on the local level. This is in contrast to PA 1964, No 289, in which the stimulation came not from the local level, but from the legislature. Accordingly, it appears to us that while they may be similar, the purposes of the two acts are different.

Defendant claims that we must read § 10, *supra,* in light of PA 1957, No 312, § 8 and, therefore, an ambiguity is produced and an attempt must be made to harmonize the two statutes. While it is true, as a general proposition, when two statutes deal with the same general subject matter an attempt must be made to harmonize them, it is also true that if a statute is plain on its face and does not deal with the same subject matter we are then compelled to take the specific statute as we find it.[3] It is our duty to read § 10, *supra,* giving the words their ordinary meaning, in order to ascertain if there is an ambiguity. By so doing we find none.

Defendant seeks to rely upon the fact that the plaintiff district received more dollars in the two ensuing years following reorganization, but it fails to note that this is not as a result of the use of § 10, but rather the result of the fact that the school aid formula was increased in dollar amounts in the succeeding years. The legislature did not intend to deal solely with a dollar amount which might well

---

[3] See 2 Sutherland, Statutory Construction (3d ed), § 5201, footnote 1.

increase, but rather to deal with an aggregate result produced by the imposition of § 10 on the school aid formula in effect for each year, and to provide that the base amount to be received would be the amount received by each component district prior to reorganization. Accordingly, we hold that it was the defendant's duty to take the school aid formula then in existence for each of the two fiscal years immediately following reorganization, and to apply that formula in each of its individual items to the plaintiff district. In no case, however, is the plaintiff district to receive less for each item than the component districts received in the year immediately preceding reorganization.

Defendant raises the proposition that such an interpretation will create administrative difficulties. Plaintiff has demonstrated, and it is not contested, that the present district is composed of seven complete districts. Further, plaintiff has produced figures which it claims to be accurate for the years in question. Defendant argues, however, that certain items of school aid cannot now be determined, because they were based upon the actual money expended by the individual component districts. However, the amounts of school aid paid to the component districts during the year before reorganization constitute a base amount which is due to the plaintiff. Therefore, it is not necessary to determine, or speculate, what might have been expended by the individual districts if they had not been joined by reorganization.

Defendant states that plaintiff is guilty of laches, but the record in this case does not substantiate this claim. The record clearly displays that this plaintiff endeavored to get administrative relief from the defendant's agents, and received assurance that work was being done on the problem. Defend-

ant cannot now be heard to complain that the plaintiff was delinquent in pursuing its claim.

Thus, plaintiff is entitled to the writ as prayed, and defendant shall proceed to disburse the school aid funds due to the plaintiff for the school years 1966–1967 and 1967–1968 in accordance with this opinion.

No costs, a public question being involved.

All concurred.