Per Curiam.
 

 John W. Janssen and others appeal by leave granted from the March 22, 2000, order of the circuit court affirming the decision of defendant Holland Charter Township Zoning Board of Appeals (zba) granting a use variance permitting the construction of a 250-unit residential development in an area zoned agricultural. We affirm.
 

 In September 1996, appellees Henry A. and Doris J. Pyle and Baker Brokerage & Development, Inc., filed an application with the Holland Charter Township
 
 *199
 
 Board requesting that certain parcels of property consisting of approximately 115 acres be rezoned from the A-Agricultural Zoning District to the R-l Single Family Residential Zoning District. The township’s planning commission voted to recommend that the board deny the rezoning application. Subsequently, these appellees amended their application by removing one fifteen-acre parcel, which left two contiguous parcels consisting of approximately one hundred acres. Again, the planning commission voted to deny the amended petition. Thereafter, the Pyles and Baker filed a use variance request with the zba. They sought to have the density requirements changed so as to allow them to build a 400-unit residential development on the property. After appellee Vistiana Properties, LLC, purchased the property, it and the Pyles filed an amended use variance petition, in which they reduced the number of residential units from 400 to 250. Eventually, after holding public hearings, the ZBA granted the use variance petition. Appellants then contested the zba’s decision in the circuit court, and the court upheld the zba’s decision.
 

 Appellants first argue that the circuit court erred in concluding that defendant zba’s decision to grant the use variance did not constitute impermissible rezoning because a one hundred-acre parcel is too large a parcel of land to be the subject of a use variance. Upon review de novo, we disagree.
 
 Bennett v Weitz,
 
 220 Mich App 295, 299; 559 NW2d 354 (1996).
 

 The rules that determine when a zoning board of appeals may grant a use variance make no mention of the size of a parcel. A township zoning board of appeals is a municipal administrative body whose duties include, among other functions, the granting of
 
 *200
 
 variances. MCL 125.293;
 
 Sun Communities v Leroy Twp,
 
 241 Mich App 665, 670; 617 NW2d 42 (2000). MCL 125.293 provides, in pertinent part, as follows:
 

 Where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of the zoning ordinance, the board of appeals in passing upon appeals may vary or modify any of its rules or provisions so that the spirit of the ordinance is observed, public safety secured, and substantial justice done.
 

 Likewise, Holland Charter Township’s zoning ordinance provides as follows:
 

 Sec. 20.2 Jurisdiction and powers.
 

 The board of appeals shall have all powers and jurisdiction granted by the zoning act, all powers and jurisdiction prescribed in other articles of the ordinance and the following specific powers and jurisdiction. . . .
 

 C. The jurisdiction and power to authorize, upon appeal, a variance or modification of this ordinance where there are practical difficulties or unnecessary hardship in the way of carrying out the strict letter of this ordinance so that the spirit of this ordinance shall be observed, public safety secured and substantial justice done.
 

 The plain and ordinary language of both the statute and the ordinance do not set forth any limitations based on the size of the property owner’s parcel of land. To conclude, as appellants urge, that the granting of a use variance to a large parcel of land constitutes de facto rezoning, we would have to, in effect, add an exclusion for such parcels to the above statute and ordinance. “This, however, is beyond our authority because courts may not legislate.”
 
 Brandon Charter Twp v Tippett,
 
 241 Mich App 417, 423; 616 NW2d 243 (2000).
 

 
 *201
 
 Appellants next contend that the zba’s decision to grant the use variance was not supported by competent, material, and substantial evidence on the record. We disagree. The decision of a zoning board of appeals should be affirmed unless it is contrary to law, based on improper procedure, not supported by competent, material, and substantial evidence on the record, or an abuse of discretion.
 
 Reenders v Parker,
 
 217 Mich App 373, 378; 551 NW2d 474 (1996).
 

 A township zoning board of appeals has the authority to vary or modify any zoning ordinance to prevent unnecessary hardship if the spirit of the ordinance is observed, the public safety is secured, and substantial justice is done. MCL 125.293;
 
 Dowerk v Oxford Charter Twp,
 
 233 Mich App 62, 70; 592 NW2d 724 (1998). To conclude that a property owner has established unnecessary hardship, a zoning board of appeals must find on the basis of substantial evidence that (1) the property cannot reasonably be used in a maimer consistent with existing zoning, (2) the landowner’s plight is due to unique circumstances and not to general conditions in the neighborhood that may reflect the unreasonableness of the zoning, (3) a use authorized by the variance will not alter the essential character of a locality, and (4) the hardship is not the result of the applicant’s own actions.
 
 Johnson v Robinson Twp,
 
 420 Mich 115, 125-126; 359 NW2d 526 (1984);
 
 Puritan-Greenfield Improvement Ass’n v Leo,
 
 7 Mich App 659, 672-673, 677; 153 NW2d 162 (1967). We conclude that the Pyle appellees presented sufficient evidence to establish each of these criteria.
 

 “Whether property used in trade or business or held for the production of income can reasonably be used for a purpose consistent with existing zoning
 
 *202
 
 will, no doubt, ordinarily turn on whether a reasonable return can be derived from the property as then zoned.”
 
 Puritan-Greenfield, id.
 
 at 673-674.
 
 [1]
 
 Contrary to appellants’ argument on appeal, the zba’s conclusion that appellee Vistiana could not receive a reasonable economic return was not based on some “hypothetical value.” Rather, the zba’s finding was based on an analysis of the rental income received and the taxes assessed on the property as zoned. In concluding that the applicants established by substantial evidence that they could receive no reasonable economic return for the property as zoned, the zba noted that the annual rental income for the farm was $6,000, and the annual rental income for the two residences on the property yielded $12,900. The zba further pointed out that the 1998 taxes on the property amounted to $7,867.42. Thus, the ZBA concluded that the applicants could not realize a reasonable economic return, given the rental income from leasing the farm and the two houses. We hold that the zba’s conclusion that the property cannot reasonably be used in a manner consistent with existing zoning was supported by competent, material, and substantial evidence on the record.
 
 Reenders, supra
 
 at 378.
 

 We also believe this evidence supports the finding that the hardship is not the result of the applicants’ own actions. The increasing taxable value of the
 
 *203
 
 property and the comparatively low rental income derived are not “self-created” burdens.
 

 In addition, we hold that there was competent, material, and substantial evidence to support the ZBA’s conclusion that the use authorized by the variance would not alter the essential character of the locality. In considering the essential character of this locality, one cannot, and should not, just look at the immediate neighboring properties. The character of the locality is defined in broader strokes than such a myopic viewpoint would provide.
 

 The underlying situation presented in the case at bar involves the changing circumstances and character of this community. With the growing consolidation of farming operations throughout the country and the fewer children willing to follow their parents into farming, the family farm, once a mainstay of both the economic and cultural landscape in rural America, has begun to disappear. See Zeigler,
 
 Who will teach our farmers: Learning the value of mentor programs from state and private programs,
 
 5 Drake J Agrie L 279, 280 (2000). Appellants and appellees have found themselves caught in the tide of this rural transformation. In other words, the essential character of this community is not immutable, and is, indeed, in a state of transition.
 

 The use to be made of the subject property not only recognizes this unfolding change in circumstances, but it also takes measured steps to balance the pressures inherent in this course of development. In granting the variance, the zba explained that the proposed cluster housing development will provide “a large area of open space around the perimeter of the property, thereby maintaining a buffer area between
 
 *204
 
 the proposed residential uses and the surrounding agricultural property,” and further concluded that this factor, as well as the other conditions imposed, will ensure that the variance will not alter the locality’s essential character. Included in the list of conditions is a disclaimer to be included in all deeds conveying an interest in the subject property that informs purchasers of the neighboring farming activity and that further provides that, under certain circumstances, the Michigan Right to Farm Act
 
 [2]
 
 protects a farm or farm operation from being considered a public or private nuisance.
 

 This leaves the question whether Vistiana’s plight was unique to the property. The requirement that the landowner’s plight be due to unique circumstances does not mean that the circumstances must exclusively affect only the single landowner.
 
 [3]
 
 Rather, “[t]he courts have repeatedly emphasized that the hardship to be unique is ‘not shared by
 
 all
 
 others,’ ”
 
 Beatrice Block Club Ass’n v Facen,
 
 40 Mich App 372, 381; 198 NW2d 828 (1972), quoting
 
 Tireman-Joy-Chicago Improvement Ass’n v Chernick,
 
 361 Mich 211, 216; 105 NW2d 57 (1960) (emphasis supplied by
 
 Facen
 
 Court).
 

 While the subject property has no defining physical characteristics such as size or topographical peculiarities that mjake it unique, we do not believe this necessarily ends the inquiry. See, e.g.,
 
 Monaco v Dist of Columbia Bd of Zoning Adjustment,
 
 407 A2d 1091, 1097 (DC, 1979) (examining the actions of the zoning authorities and the zoning history of the case). The
 
 *205
 
 uniqueness inquiry should not in all cases be limited to an examination of whether there is a uniqueness that inheres in the land itself. See
 
 Capitol Hill Restoration Society, Inc v Dist of Columbia Bd of Zoning Adjustment,
 
 534 A2d 939, 942 (DC, 1987).
 

 Appellees’ claim of “uniqueness” invites consideration of their plight in light of the situation of other landowners in the surrounding area. In making such a comparison, it quickly becomes evident that it is not the unreasonableness of the zoning ordinance that has led to appellees’ plight. As the circuit court recognized, when the use variance was granted, the township’s then current master plan envisioned that, although zoned agricultural, the subject land should eventually be used for residential purposes. Indeed, before appellees’ request, the township had approved approximately fifty other instances of residential use of land in areas zoned agricultural. Thus, change in the character of the locality has not only been countenanced by the master plan, but the zoning history of the case reveals a steady, incremental movement in that direction. We believe that this shows that at the time the variance was sought, the hardship alleged was not due to the general conditions then existing in the area. In other words, the remedy does not necessarily lie in amendment of the zoning ordinance itself. Given the master plan’s recognition of potential future growth specifically on lands zoned agricultural, we believe that restrained and managed development, in part through the issuance of use variances as the changing conditions create unique hardships for those remaining agricultural lands, is a reasoned approach. It satisfies the goals of upholding the spirit of the ordinance, protects public safety, and assures that
 
 *206
 
 substantial justice is done.
 
 Dowerk, supra.
 
 Further, when a “landowner has made the requisite showing of financial hardship and compatibility of the proposed use with the character of the neighborhood, the variance should be granted since to deny it [solely] on the ground that ‘unique circumstances’ have not been shown invites a potentially successful assault on the zoning ordinance as being confiscatory.”
 
 In re Family of Woodstock, Inc,
 
 225 AD2d 854, 856; 638 NYS2d 825 (1996).
 

 Affirmed.
 

 [1]
 

 The
 
 Puritan-Greenfield
 
 Court,
 
 supra
 
 at 674, cautioned that there are circumstances where a “reasonable return” analysis would be improper when deciding the “reasonable use” question. The example given was where the property in issue was a single-family residence. While we agree that the reasonable return analysis should not be relied on in certain cases, its application here is proper.
 
 Id.
 
 See also Crawford, Michigan Zoning and Planning (3d ed), § 6-03, pp 164-165.
 

 [2]
 

 MCL 286.471
 
 et seq.
 

 [3]
 

 Crawford,
 
 supra
 
 at § 6.03, p 165.