GRABOW v MACOMB TOWNSHIP

Docket No. 256517. Submitted October 11, 2005, at Detroit. Decided
  March 9, 2006, at 9:00 a.m.

  Simonne L. Grabow, Mark H. Grabow, and Brentwood Limousine,
  Inc., brought an action in the Macomb Circuit Court against
  Macomb Township, seeking, among other things, an order of
  mandamus to compel the township's clerk to submit Mark
  Grabow's application for a use variance to the township board of
  zoning appeals (ZBA) and to compel the ZBA to approve or
  reject the application following a public hearing. The court,
  Diane M. Druzinski, J., denied the plaintiffs' requested relief,
  ruling that the Township Zoning Act, MCL 125.271 *et seq.*, is
  ambiguous with respect to whether an application for a use
  variance must be considered by a township ZBA. The plaintiffs
  appealed.

     The Court of Appeals *held*:

     The circuit court abused its discretion in not granting the
  plaintiffs' motion for a writ of mandamus because state law and
  the township ordinance do authorize use variances and because
  the ZBA had a clear legal duty to hear and decide the applica-
  tion.

     1. MCL 125.290 of the Township Zoning Act provides that a
  township ZBA shall hear and decide matters referred to it or
  upon which it is required to pass under an ordinance adopted
  pursuant to the act. Macomb Township Zoning Ordinance
  § 10.2405 specifically provides variance review procedures for
  the ZBA. Mark Grabow has a right to file an application for a
  use variance with the ZBA, which is empowered to hear and
  decide the application.

     2. Because the plaintiffs have a clear legal right to apply for a
  use variance and the ZBA has a clear legal duty to hear and decide
  that application, the township clerk in this case is an intermediary
  without discretion to reject the application on the basis of his
  interpretation of the relevant statute and ordinance. The clerk was
  not acting within his duties when he rejected the application for a
  use variance.

Reversed and remanded for further proceedings.

1. ZONING — TOWNSHIP ZONING BOARDS OF APPEALS — USE VARIANCES.

The Township Zoning Act requires a zoning board of appeals to consider an application for a use variance when the township's zoning ordinance allows use variances and provides a procedure by which the zoning board of appeals is to act on the application (MCL 125.290).

2. TOWNSHIPS — TOWNSHIP CLERKS — ZONING — USE VARIANCES APPLICATIONS.

A township clerk has the ministerial duty of accepting an application for a use variance for submission to the township board of zoning appeals where the township's zoning ordinance provides for use variances and the procedure by which the zoning board of appeals is to act on the application; performance of the duty may be compelled through mandamus.

*Beeding Legal Group, P.C.* (by *John M. Beeding, Jr.,* and *Benjamin J. Aloia*), for the plaintiffs.

*O'Connor, DeGrazia, Tamm & O'Connor, P.C.* (by *Julie McCann O'Connor* and *James E. Tamm*), for the defendant.

Before: CAVANAGH, P.J., and SMOLENSKI and ZAHRA, JJ.

PER CURIAM. Plaintiffs appeal by leave granted the circuit court's denial of a motion for mandamus to compel defendant's clerk to submit Mark Grabow's application for a use variance to defendant's zoning board of appeals. We reverse and remand for further proceedings consistent with this opinion.

### I. BASIC FACTS AND PROCEDURE

Plaintiffs Simonne L. Grabow and Mark H. Grabow are mother and son who own adjacent properties in Macomb Township along 25 Mile Road. Mark Grabow operates Brentwood Limousine, Inc., both

from his property and from a pole barn located on his mother's property. In January, 2003, defendant's ordinance enforcement officer initiated a misdemeanor complaint against Mark Grabow for operating his business and erecting a structure for a commercial use on land zoned for agricultural use. In July 2003, Mark Grabow applied for a use variance, submitting his application to defendant's clerk. In August 2003 defendant's clerk returned the application, stating that, after an analysis of applicable law by the township's attorney, neither state statute nor township ordinance allowed defendant's zoning board of appeals (ZBA) to grant a use variance.

In September, 2003, plaintiffs filed suit against defendant. Plaintiffs sought, among other things, a writ of mandamus to compel defendant's clerk to accept Mark Grabow's use variance application and that the township ZBA approve or reject it following a public hearing. In October, 2003, defendant moved for summary disposition, arguing that the case was not ripe for judicial review because plaintiffs did not apply to have the property rezoned for a commercial use. In November 2003, plaintiffs moved for defendant to show cause why a writ of mandamus should not be issued to compel its clerk to accept and its ZBA to decide Mark Grabow's application for a use variance. In December 2003, the trial court denied both motions and instructed plaintiffs to seek rezoning. In April 2004, following a public hearing on Mark Grabow's application for rezoning, defendant's board of trustees denied Mark Grabow's application to have the property rezoned to a commercial use, but the property was rezoned to a residential use. In June 2004, plaintiffs filed a renewed motion for defendant to show cause why a writ of mandamus should not be granted to compel its ZBA to accept and decide Mark

Grabow's application for a use variance. The lowercourt—with no statutory analysis on the record —denied the motion, stating "there's clearly an ambiguity as to whether or not there's a clear legal right, based on the [Township Zoning Act, MCL 125.271 *et seq.*] and the case law" for granting mandamus:

> The Township Enabling Act [sic] does not give the township authority to grant use variances. And I appreciate counsel's argument that following *Paragon*[1] and *Janson*[2] [sic] it seems to assume that that right and authority does exist for townships.
>
> However, to the extent that our Court of Appeals and Supreme Court [look] at every statute word by word and interprets them that way, and there is not a specific granting of use variance in the statute, I do believe that the writ of mandamus is not appropriate at this time. The [*Janssen*] case didn't question, argue, brief, or even decide whether or not the use variance was appropriate. Although [it] certainly seem[s] to assume that in coming to the decision that [it] did. So it would be curious to see how the Court of Appeals is going to reconcile [its] text or elicit [sic] approach with the cases that have been decided recently, *Paragon* and [*Janssen*].
>
> Also,—so to—to the extent that the mandamus is and should be issued if there's a clear legal right, there's clearly an ambiguity as to whether or not there is a clear legal right, based on the statute and the case law. So for that reason, I'm going to deny the writ of mandamus.

This appeal followed.

## II. ANALYSIS

Plaintiffs argue that the trial court abused its discretion in not granting their motion for a writ of manda-

---

[1] *Paragon Properties Co v Novi*, 452 Mich 568; 550 NW2d 772 (1996).

[2] *Janssen v Holland Charter Twp Zoning Bd of Appeals*, 252 Mich App 197; 651 NW2d 464 (2002).

mus, because state law and the township ordinance authorize use variances[3] and, as such, defendant's clerk had a clear legal duty to accept and submit to defendant's ZBA Mark Grabow's application. We agree.

### A. STANDARD OF REVIEW

A trial court's decision regarding a writ of mandamus is reviewed for an abuse of discretion. *In re MCI Telecom Complaint*, 460 Mich 396, 443; 596 NW2d 164 (1999); however, "[w]here a central issue in the appeal involves statutory interpretation, which is a question of law, that is reviewed de novo." *Id.* Because the central issue in this appeal is whether defendant's ZBA has authority to grant a use variance under the Township Zoning Act, MCL 125.271 *et seq.*, review de novo is proper.

### B. MANDAMUS

It is well-settled that, for a writ of mandamus to issue, a plaintiff must prove he or she has "a 'clear legal right to performance of the specific duty sought to be compelled' and that the defendant has a 'clear legal duty to perform such act . . . .' " *In re MCI, supra*, at 442-443, quoting *Toan v McGinn*, 271 Mich 28, 34; 260 NW 108 (1935). The act must be ministerial, and the plaintiff must be without other adequate legal or equitable remedy. *Lickfeldt v Dep't of Corrections*, 247 Mich App 299, 302; 636 NW2d 272 (2001).

---

[3] Generally there are two types of variances, use and nonuse. "Use variances permit a use of the land which the zoning ordinance otherwise proscribes. Non-use variances are not concerned with the use of the land but, rather, with changes in a structure's area, height, setback, and the like." *Nat'l Boatland, Inc v Farmington Hills Zoning Bd of Appeals*, 146 Mich App 380, 387; 380 NW2d 472 (1985). This case involves a claim for a use variance.

1. MARK GRABOW HAS A CLEAR LEGAL RIGHT TO FILE AN APPLI-
CATION FOR A USE VARIANCE WITH THE TOWNSHIP ZBA AND THE
TOWNSHIP ZBA IS UNDER A CLEAR LEGAL DUTY TO HEAR AND
DECIDE MARK GRABOW'S APPLICATION FOR A USE VARIANCE

a. THE TOWNSHIP ZONING ACT

Michigan's Township Zoning Act (TZA) authorizes a township board to "provide by zoning ordinance for the regulation of land development and the establishment of districts in the portions of the township outside the limits of cities and villages which regulate the use of land and structures . . . ." MCL 125.271. The TZA authorizes, among other things, a township zoning ordinance, MCL 125.273; a zoning board, MCL 125.274; and a board of appeals, MCL 125.288. The act is "the enabling statute that vests a township with the authority to regulate land use." *Sun Communities v Leroy Twp*, 241 Mich App 665, 669; 617 NW2d 42 (2000), citing *Addison Twp v Gout (On Rehearing)*, 435 Mich 809, 813; 460 NW2d 215 (1990).

Relevant here, MCL 125.290 of the TZA sets parameters for a township zoning board of appeals. It reads, in pertinent part:

> (1) The township board of appeals *shall* hear and decide questions that arise in the administration of the zoning ordinance, including the interpretation of the zoning maps, and may adopt rules to govern its procedures sitting as a board of appeals. It shall hear and decide appeals from and review any order, requirement, decision, or determination made by an administrative official or body charged with enforcement of an ordinance adopted pursuant to this act. *It shall hear and decide matters referred to it or upon which it is required to pass under an ordinance adopted pursuant to this act. . . .*
>
> (2) The concurring vote of a majority of the members of the township board of appeals is necessary to reverse an order, requirement, decision, or determination of the ad-

ministrative official or body, or to decide in favor of the applicant any matter upon which the board is required to pass under the ordinance, *or to grant a variance in the ordinance*. [Emphasis added.]

We give the statutory language its plain meaning, and, as such, determine that MCL 125.290 mandates hearings and authorizes the issuance of variances upon application as guided by both state statute and the township zoning ordinance, if any.

### b. MACOMB TOWNSHIP ZONING ORDINANCE

Macomb Township has a zoning ordinance adopted pursuant to the TZA. The ordinance requires the township's ZBA to hear and determine applications for variances. Section 10.2405, "Variance Review Procedures," states, in pertinent parts with emphasis added:

C. The application shall be accompanied by an affidavit executed by the applicant explaining:

* * *

4. Why the requested variance will not confer special privileges that are denied other properties that are similarly situated and which are located in the same Zoning District.

D. Notice of the public hearing shall be sent by first class mail . . . .

The notice shall:

1. Describe the nature of the *variance* request.

2. Indicate the property which is the subject of the *variance* request . . . .

Indeed, defendant's zoning ordinance, §10.2405, uses the word "variance" in at least seven other places, including and concluding with ¶ N, which states: "All

*variances granted* shall be recorded with the Township Assessing Department."

### c. THE TOWNSHIP ZBA HAS AUTHORITY TO GRANT USE VARIANCES

The trial court concluded that the TZA is ambiguous and, therefore, could not support a clear legal duty on the part of the township ZBA to consider a use variance. The trial court incorrectly interpreted the TZA and, in any event, applied an incorrect standard:

> The question that must be determined is whether the defendant has complied with the legal mandate which the statute has imposed upon it. Defendant cannot escape the mandamus action by saying its interpretation of the statute makes the statute ambiguous and hence mandamus will not lie . . . . [*Manistique Area Schools v State Bd of Ed,* 18 Mich App 519, 522; 171 NW2d 568 (1969), citing *Belding v Ionia Co Treasurer,* 360 Mich 336; 103 NW2d 621 (1960).]

We conclude that the language of the TZA is unambiguous with regard to the duties imposed on, and powers granted to, a township ZBA as implemented through the township ordinance. "It *shall* hear and decide matters referred to it or upon which it is required to pass under an ordinance adopted pursuant to this act." MCL 125.290(1) (emphasis added). See also MCL 125.290(2).

When construing a statute, "[a] necessary corollary to the plain meaning rule is that courts should give the ordinary and accepted meaning to the mandatory word 'shall' and the permissive word 'may' unless to do so would clearly frustrate legislative intent as evidenced by other statutory language or by reading the statute as a whole." *Browder v Int'l Fidelity Ins Co,* 413 Mich 603, 612; 321 NW2d 668 (1982). Thus, if an ordinance adopted pursuant to the TZA indicates a matter upon

which the township ZBA is required to pass, then the ZBA "shall hear and decide" that matter.

Here, as indicated above, defendant's zoning ordinance sets up a formal procedure whereby a landowner in the township may apply for a use variance. See §10.2405, "Variance Review Procedures." Thus, we conclude that Mark Grabow has a right to file his application for a use variance with the township ZBA, which is empowered to hear and decide Mark Grabow's application for a use variance. Given the language of the statute and ordinance at issue in this case, no other conclusion is possible but that defendant's ZBA may grant use variances upon an application.

### 2. THE TOWNSHIP CLERK'S OBLIGATION TO FORWARD MARK GRABOW'S APPLICATION FOR A USE VARIANCE IS A MINISTERIAL ACT

Having concluded that Mark Grabow has a clear legal right to have his application for zoning variance filed before the township ZBA and that the township ZBA is duty bound to hear and decide Mark Grabow's application, the only relevant question remaining is whether a writ of mandamus should be ordered with respect to defendant's clerk's refusal to submit Mark Grabow's application for a variance to the township ZBA.

In general, municipal clerks[4] are charged only with ministerial duties and do not have judicial authority to

---

[4] "An officer of the state or governmental unit must be sued in the officer's official capacity to enforce the performance of an official duty." MCR 2.201(C)(5); see also MCL 600.2051(4). As such, the proper defendant in an action for a writ of mandamus is the officer who has the duty of performance. See *Boron Oil Co v Southfield*, 18 Mich App 135, 144; 170 NW2d 517 (1969). Here, plaintiff's action is not against the township clerk. Instead, plaintiffs have sued the township. Defendant has not defended this action below or on appeal on the basis that the plaintiffs named the wrong party. On remand, plaintiffs may move to amend their pleadings to name the appropriate party. See *Boron, supra* at 144.

perform such functions as statutory construction. See *Smeets v Genesee Co Clerk,* 193 Mich App 628, 636; 484 NW2d 770 (1992). In *Smeets,* this Court determined that a county clerk was not required to accept a petitioner's version of his duties regarding recall petitions when the duties under the pertinent statute were open to question.

In a more recent case, this Court observed that court rules, statutes, and the Michigan Constitution prescribe the duties of a county clerk, an elected official. *Howard v Bouwman,* 251 Mich App 136, 144; 650 NW2d 114 (2002). Because no court rule or statute gave a clerk discretion to reject a pleading that did not conform to caption requirements in a court rule, but rather, in plain terms, required the clerk to endorse every paper on the date on which it was filed, this Court concluded that the county clerk lacked the authority to reject a nonconforming complaint.

Township clerks are similarly elected officials subject to duties imposed by law. "In each organized township there shall be elected . . . a clerk . . . whose legislative and administrative powers and duties shall be provided by law." Const 1963, art 7, § 18. The township clerk has duties prescribed by statute, which include filing and safely keeping papers required by law to be filed in his or her office. MCL 41.65.

The only duty established by the ordinance is the applicant's duty to submit a proper application for a variance to the clerk:

> A. An application for a hearing shall be made, by the owner of record of the property, to the Township Clerk, accompanied by the necessary fees and documents as provided in this Ordinance. [Macomb Twp Zoning Ordinance § 10.2405.]

The variance review procedure in § 10.2405 does not address the clerk's duties after receiving the application. However, because we determine that plaintiffs have a clear legal right to apply for a use variance and that defendant's ZBA has a clear legal duty to hear and decide that application, the clerk, here, is an intermediary and is without discretion to return the application on the basis of the clerk's interpretation of the relevant statute and ordinance. There is no indication that the clerk refused the application because it failed to comply with reasonable form requirements imposed by the clerk's office, i.e., documents were missing or the application was otherwise incomplete. For this reason, we reject the claim that the clerk was acting within his duties when he rejected Mark Grabow's application for a use variance.

### III. CONCLUSION

We conclude that plaintiff has a clear legal right to file an application for the use variance, that defendant's ZBA has a clear legal duty to hear and decide the application; and that the clerk's duties are ministerial. We reverse the trial court's decision and remand for further proceedings consistent with this opinion.

We do not retain jurisdiction.